**Graham L. BLAIR, Plaintiffs,**

v.

**DELTA AIR LINES, INC., a Delaware corporation, Defendant.**

**Civ. No. 71–1721.**

United States District Court,
S. D. Florida.

June 14, 1972.

Richard W. Aschenbrenner, of the Law Offices of Fred A. Jones, Jr., Miami, Fla., for plaintiff, Blair.

William O. Mehrtens, Jr., of Smathers & Thompson, Miami, Fla., for defendant, Delta Air Lines, Inc.

### ORDER

FULTON, Chief Judge.

This cause came before the Court upon the plaintiff's motion for re-hearing on this Court's Order granting defendant's motion for summary judgment entered May 31, 1972. In support of his motion plaintiff claims that the defendant was not entitled to the entry of summary judgment and refiled his memorandum of law in opposition to defendant's motion for summary judgment.

The plaintiff cites no authority providing for this Court's reconsideration of its Order granting summary judgment, and in fact the Federal Rules of Civil Procedure do not provide for reconsideration of the Order entered in this cause. Rule 60, Fed.R.Civ.P., Relief from Judgment or Order, is applicable to clerical mistakes, mistakes in general, inadvertence, fraud and other reasons justifying relief. However, it does not provide for general reconsideration of an order or judgment, notwithstanding the inherent power of the Court over its judgments. As stated in Barron & Holtzoff, 3 Federal Practice and Procedure § 1322 (1958) at 395:

> The Rule is not intended to provide a procedure by which to challenge a supposed legal error of the court, nor to obtain relief from errors which are readily correctible on appeal.

Final judgment was entered in this cause on June 6, 1972. Rule 59, Fed.R.Civ.P., New Trials and Amendments of Judgments, is inapplicable as a basis for reconsideration since this cause was not tried and the plaintiff does not seek to alter or amend the judgment. Instead, plaintiff reasserts his original memorandum of law as the basis for redetermination of the issues which have been decided by the Order granting summary judgment. Since the plaintiff contends that the Order of this Court is erroneous as a matter of law, the proper procedure is appeal to the United States Court of Appeals for the Fifth Circuit. Thereupon, it is

Ordered and adjudged that the plaintiff's motion for re-hearing be and the same is hereby denied.