Dennis KOHL, by his parents and guardians, Norbert KOHL and Jean Kohl, Plaintiffs,

v.

**WOODHAVEN LEARNING CENTER, a corporation, and Woodhaven School, Inc., a corporation, Defendants.**

No. 86–4234–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

Nov. 30, 1987.

Ann B. Lever, Legal Services of Eastern Mo., Inc., St. Louis, Mo., for plaintiffs.

Robert C. Smith, Smith, Lewis & Beckett, Columbia, Mo., for Woodhaven Learning Center.

Marvin E. Wright, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, Mo., for Woodhaven School, Inc.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Before the Court is a joint motion for a new trial or, in the alternative, for the Court to open judgment, take additional testimony and amend this Court's Findings of Fact and Conclusions of Law, filed by defendants Woodhaven Learning Center and Woodhaven School, Inc. Defendants have also moved to stay the enforcement of the Court's judgment. For the following reasons, the Court concludes that defendants' motions must be denied.

### Factual Background

From May 18, 1987 through May 22, 1987, a bench trial was held before this Court. On September 25, 1987, the Court issued an Order and Memorandum opinion in which the Court concluded that defendants had violated and continue to violate plaintiff's rights under Section 504 of the Rehabilitation Act because of their failure to admit plaintiff into their programs.

Defendants now challenge this Court's Findings of Fact and Conclusions of Law. As to the findings of fact, defendants allege that a number of this Court's findings are either incorrect or "incomplete" such that a new trial is warranted or an amendment to the Court's Findings of Fact. Defendants attempt to challenge these findings by attaching a number of affidavits from witnesses who had a full opportunity to testify at trial.

As to the conclusions of law, defendants allege that these are erroneous and are contrary to the weight of the evidence adduced at trial. The Court will address each of these challenges separately.

### Findings of Facts

Preliminarily, it should be noted that when a bench trial is held before the Court, Rule 52 of the Federal Rules of Civil Procedure comes into play. Rule 52(a) provides, in pertinent part, that:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58.... Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

In interpreting Rule 52, the courts have squarely held that a trial court does not need to make specific finding on all facts; it only needs to formulate findings on the ultimate facts necessary to reach a decision. *See Griffin v. City of Omaha*, 785 F.2d 620, 627–628 (8th Cir.1986) ("Trial court need not make specific findings with respect to all evidence presented, nor even refer to all the evidence introduced ..."); *Tate v. Weyerhaeuser Co.*, 723 F.2d 598, 605 (8th Cir.1983) (Rule does not require that district court, in making findings of fact, deal with every piece of evidence in the record); *Bell v. Bolger*, 708 F.2d 1312, 1318–1319 n. 8 (8th Cir.1983) ("The trial court does not need to make specific findings on all facts.... Findings are adequate if they afford a reviewing court a clear understanding of the basis of the trial court's decision.") *See also Toombs v. Leone*, 777 F.2d 465, 469 n. 5 (9th Cir.1985) (To be adequate, factual finding of the district court need only be explicit enough to give the court of appeals a clear understanding of the basis of its decision and enable it to determine the grounds on which the district court reached its decision.); *Nulf v. International Paper Co.*, 656 F.2d 553, 561 (10th Cir.1981) (Minor exclusion of certain testimony and discrepancies in findings of trial court did not entitle unsuccessful litigant to relief).

■ As to the findings which defendants allege to be erroneous, defendants attack this Court's finding that this Court has jurisdiction as set forth in finding number 4. In essence, defendants reiterate that this Court lacks subject matter jurisdiction under the doctrine of primary jurisdiction because of plaintiff's failure to exhaust administrative remedies. However, the Court, in footnote 1 of its Order and Memorandum, dealt with this issue rather extensively and concluded that defendants' failure to raise this jurisdictional challenge in

their answers, in their motions to dismiss, or in their motions for summary judgment barred these challenges under the doctrines of waiver and estoppel. *See Order and Memorandum*, p. 2, n. 1. Defendants have pointed to nothing which convinces this Court otherwise and, thus, any challenge to this legal conclusion may be raised by defendants on appeal.

Next, defendants allege that finding number 7 is incorrect in that there was no evidence adduced which showed that there were no other vendors in the St. Louis area at the time that plaintiff was referred to Woodhaven Learning Center and Woodhaven School which could meet the needs of plaintiff. However, as noted by plaintiff in his response to defendants' joint motions, plaintiff's referral to the St. Louis Association for Retarded Citizens (ARC) program does not contradict the finding that the Department of Mental Health Committee recommended referring him to defendants' programs because these programs served blind individuals and the department had no private vendors in the St. Louis area to meet his needs as a blind retarded individual. See Transcript 2–10. Thus, the Court concludes that finding number 7 is essentially correct and is supported by the record.

Defendants next allege that finding number 8 is incorrect in that the October 5, 1983 IHP did not identify defendants' programs as the least restrictive environment. However, as noted by plaintiff, defendant Woodhaven Learning Center stipulated to almost the exact language contained in this paragraph. *See* Plaintiff's Exhibit 1, ¶ 10. Thus, this challenge is without merit.

As to finding number 9, defendants allege that it is incorrect in that Mr. Mike McCarthy of Woodhaven School, Inc. did not evaluate plaintiff at Colonial Town for the purpose of determining whether plaintiff was appropriate for referral to Woodhaven School, Inc. According to defendants, testimony by the Executive Director of Woodhaven School, Inc. established that Mike McCarthy had no responsibilities or authority with respect to the admission or determination of the appropriateness of an individual for participation in Woodhaven Learning Center or Woodhaven School, Inc.

However, the testimony of plaintiff's case manager established that McCarthy went to Colonial Town, with plaintiff's case manager, to determine if plaintiff was appropriate for referral to Woodhaven School. *See* Transcript 2–12. As noted by plaintiff, since the case manager did not operate a deaf/blind program for which McCarthy could have been providing technical services, it appears clear that McCarthy met and went out to Colonial Town with the case manager for the purpose of evaluating plaintiff. In addition, Woodhaven School's own records show McCarthy delivered to the school information on plaintiff's carrier status and the Department of Mental Health packet on hepatitis B given to him by the case manager. *See* Plaintiff's Exhibit 9. Thus, the weight of the evidence supports the finding that McCarthy observed plaintiff for the purpose of determining whether he was an appropriate referral for the school.

As to finding number 20, defendants allege that this finding is incorrect in that plaintiff was dismissed on October 26, 1984, rather than on September 20, 1984. However, although plaintiff left Woodhaven Learning Center on October 26, 1984, the letter notifying plaintiff's case manager of the Center's decision to dismiss him was dated September 10, 1984. *See* Plaintiff's Exhibit 18. Thus, this portion of the Court's finding is essentially correct.

Additionally, defendants argue that plaintiff was not dismissed because the Occupational Resource Center of Woodhaven School, Inc. refused to provide a day program for plaintiff without a screening and inoculation program for its clients and staff. Rather, defendants contend that plaintiff was denied admission because of his carrier status, his aggressive behavior and lack of funds to set up an inoculation program. While defendants have strenuously argued that it was plaintiff's aggressive behavior rather than his carrier status which resulted in plaintiff's dismissal, this Court has concluded, based on all the testimony and other evidence in this case, that

defendants were concerned with his maladaptive behaviors only because they increased the risk of plaintiff transmitting hepatitis B. Thus, the Court concludes that finding number 20 is supported by the record in this case.

Similarly, defendants take issue with the Court's findings in the first of the Court's finding number 22 (the second of which should have been designated as number 23) that the only reason given in a letter by the Executive Director of Woodhaven Learning Center dated December 4, 1985, was his status as an active carrier of hepatitis B. Since the quoted language from that communication clearly supports this finding, then defendants' challenge is without merit.

Also, while the Court agrees that the relevant time period began with plaintiff's dismissal in 1984, since the discrimination alleged continued from 1984 to December of 1985, and since the final decision to exclude plaintiff until December 4, 1985, then both 1984 and 1985 were relevant years in this lawsuit. *See* Plaintiff's Exhibits 4, 5 and 6. Thus, defendant's challenge as to these findings are without merit.

Defendants' challenge to finding number 35 is also meritless in that the materials accompanying the affidavit of Dr. Mohammad Ahkter, which were offered into evidence by plaintiff and admitted by the Court, established that institutionalized individuals fall within the high risk group of hepatitis B carriers.

Defendants also contend that findings 49 through 51 are incorrect in that the estimated cost of setting of an inoculation and screening program would be far in excess of that set forth in these findings. In support of this contention, defendants offer the affidavit of Mr. Charles Brewer, Executive Director of Woodhaven Learning Center.

■ However, as noted by plaintiff, the evidence as to the cost associated with inoculation and screening set forth in Brewer's affidavit is evidence which defendant Woodhaven Learning Center could have, and should have, presented at trial. Evidence which the losing party neglected to offer at trial is not a sufficient basis for the Court to grant a new trial or open judgment. *See e.g. Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986) (Motion to amend should not be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure rehearing on the merits); *American Train Dispatchers Association v. Norfolk and Western Railway Co.*, 627 F. Supp. 941, 947 (N.D.Ind.1985) (Motions to amend court's findings are intended to correct manifest errors of law or fact or to present newly discovered evidence; they are not intended to be vehicle for obtaining rehearing or relitigation of old matters).

Furthermore, the costs of inoculation and screening set forth in the Court's findings are merely approximations of what the expense would be for the inoculation of direct contact staff at defendants' facilities, based on the testimony brought out at trial. Even if the Court were to consider the additional costs set forth in Brewer's affidavit, the Court's conclusion—that the costs will not impose an undue financial burden on defendants—would remain the same.

■ Defendants also challenge the following findings by the Court as being incomplete: findings number 7, 18, 43, 48, 49, 53, 55, 56, 57, 59, 60, 62, 63, 64, 65, 66, 68, 69 and 71. However, as previously noted, a district court is not required to make findings as to all of the evidence introduced at trial; only those facts which the Court deems relevant to support its ultimate conclusion need be set forth. *See supra* pages 2 to 3. The mere fact that these facts which defendants allege should have been set forth were not listed in the Court's Findings of Fact does not mean that they were completely ignored by the Court in arriving at its conclusion. Rather, the Court, contrary to defendants' claim, laboriously sifted through all of the evidence and testimony in order to derive the over seventy findings which the Court deemed necessary in order to support its conclusion. Thus, the fact that the Court's Find-

ings of Fact could have been more complete does not merit modifications of its findings or the granting of a new trial.

## Conclusions of Law

Defendants also contend that the conclusions of law of the Court were erroneous and contrary to the weight of the evidence. More specifically, defendants contend that the Court erred: (1) in concluding that plaintiff was a handicapped individual within the meaning of the Rehabilitation Act; (2) in finding that defendants discriminated against plaintiff solely on the basis of his hepatitis B carrier status; (3) in failing to grant due deference to the opinions and actions of the administrators at the facilities; and (4) in finding that defendants could reasonably accommodate plaintiff. Defendants, however, have added nothing in their motion that they have not already emphasized in their post-trial brief and, thus, have not convinced this Court that it has drawn its legal conclusions in error. Therefore, the appropriate remedy for defendants in their challenge to this Court's conclusions of law would be an appeal, since the Court has determined that the record in this case fully supports this Court's conclusions of law.

Accordingly, it is hereby

ORDERED that defendants' joint motion for a new trial or, in the alternative, to amend its findings or open judgment is denied. It is further

ORDERED that defendants' motion to stay the enforcement of this judgment is denied, and that defendants have an additional fifteen (15) days from the date of this order in which to submit the proposed plan directed by this Court's September 25, 1987 Order and Memorandum. All other deadlines will remain in effect.