NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., Defendants.

AMERICAN PETROLEUM INSTITUTE, et al., Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., Defendants.

Civ. A. Nos. 83–2011, 83–2951.

United States District Court, District of Columbia.

Feb. 7, 1989.

Angus Macbeth, Sidley & Austin, David D. Doniger, Natural Resources Defense Council, Inc., Washington, D.C., for plaintiffs.

Stephen L. Samuels, Land and Natural Resources Div., Dept. of Justice, Howard Hoffman, Office of General Counsel, U.S. E.P.A., Washington, D.C., for defendants; Francis S. Blake, Gen. Counsel, Alan W. Eckert, Associate Gen. Counsel, U.S.E. P.A., of counsel.

Neil Jay King, Wilmer, Cutler & Pickering, Arthur F. Sampson, III, Kirkland & Ellis, John L. Wittenborn, Collier, Shannon, Rill & Scott, Washington, D.C., for intervenors.

## MEMORANDUM

JUNE L. GREEN, District Judge.

This matter is before the Court on plaintiffs Natural Resources Defense Council, Inc. and Environmental Defense Fund, Inc.'s ("NRDC") motion to clarify or amend the Court's Order of September 14, 1988; defendant Environmental Protection Agency's ("EPA") motion to alter or amend that same order; papers opposing and supporting that motion; and the entire record herein. For the reasons given below, the Court grants plaintiffs' motion and grants in part defendant's motion, for the limited purpose of clarifying the Court's September 14th Order. In all other respects, defendant's motion is denied.

### I. *Background*

The woefully long history of this matter is set forth in some detail in the Court's Opinion of September 14, 1988, which is hereby incorporated by reference. In sum, by its opinion and order that day, the Court instructed the EPA to comply with its congressional mandate under section 112(b)(1)(B) of the Clean Air Act (the "Act"), 42 U.S.C. § 7412(b)(1)(B) (1981) and to take rulemaking action, at long last, with regard to the carcinogenic chemical benzene. Having formally listed benzene as a hazardous air pollutant in 1977, *see* 42 Fed.Reg. 29,332 (1977), the EPA was more than ten years in arrears of its duty to propose rulemaking at the time of the Court's order. *See* 42 U.S.C. § 7412(b)(1)(B).

The Court's action did little to dampen the EPA's desire for further deferral of this rulemaking duty. By its motion to alter or amend the judgment, EPA repeats its summary judgment argument that section 112 of the Act does not impose a nondiscretionary duty on EPA to make formal determinations with respect to the sources of benzene emissions governed by the September 14th Order. Brief in Support of EPA's Motion to Alter or Amend the Judgment ("EPA Brief") at 3. Therefore, they ask the Court to vacate the summary judgment granted plaintiffs, and to grant instead defendants' motion to dismiss. *Id.* at 8. EPA also asserts that even if the Court's holding on the nature of this obligation were correct, the timetable for compliance set forth in the September 14th Order would be contrary to the deadlines contained in section 112 of the Act. *Id.* Thus, they urge the Court to delete the requirement that EPA make final determinations on whether or not to regulate certain benzene sources by March 13, 1989. *Id.* at 9. Finally, EPA asks that if the Court does sustain summary judgment, it should exercise its discretion to permit

EPA an extended timetable for rulemaking. *Id.* EPA claims that the public interest would be ill-served by reassignment of EPA priorities and resources to address these benzene sources, *id.* at 12, and that, in any event, the order allows insufficient time to amass the data needed for the task. *Id.* at 15.

Plaintiffs' response to this motion is two-fold. First, they maintain that the Court should deny the motion simply because EPA only renews issues and arguments already decided by the Court at the time of summary judgment. Plaintiffs' Brief in Opposition to U.S. EPA's *Motion to Alter or Amend the Judgment* ("NRDC Opposition") at 2–3. Second, they insist that the statutory timetable be enforced literally and immediately to prevent further abuse of the statutory purpose and public welfare. *Id.* at 6, 10–11. Their only point of agreement with EPA concerns the Court's use of the term "final determination" in the September 14th Order. *Id.* at 17. Plaintiffs would substitute the words "proposed regulations" for this term in the order, but maintain the timetable as it is written. *Id.*

Plaintiffs initiated this series of post-judgment motions with a motion to clarify or amend the September 14th Order. In that submission, they asked that the Court retain jurisdiction over the case and enter appropriate orders to promote settlement of plaintiffs' claim for legal fees and costs. Brief in Support of NRDC's Motion to Clarify or Amend this Court's Order of September 14, 1988 ("NRDC Brief") at 2. EPA has not opposed or answered this motion directly.

## II. *Discussion*

### A. *The Motion to Alter or Amend*

EPA bases its argument for vacating the September 14th Order on a belief that "the Court erroneously concluded that section 112 imposes a non-discretionary duty on EPA to make formal determinations whether or not to regulate every source of benzene emissions." EPA Brief at 2–3. This issue, and EPA's arguments concerning it, were considered fully by the Court during its determination of the summary judgment and dismissal motions. *See* September

14th Opinion at 12–19. *Compare* Supplemental Brief of Defendant U.S. EPA (filed Oct. 6, 1987) at 10–15 *and* Reply Brief of Defendant U.S. EPA (filed Nov. 5, 1987) at 2–4 *with* EPA Brief at 3–8. For this reason, NRDC contends that EPA's Rule 59(e) motion to alter or amend, Fed.R.Civ.P. 59(e), must be denied. NRDC Opposition at 3. For its part, EPA has not even attempted a rebuttal of this argument. *See generally* Reply Brief in Support of EPA's Motion to Alter or Amend the Judgment.

While the D.C. Circuit has intimated a narrow reading of the scope of a Rule 59(e) motion to alter or amend judgment, *Chastain v. Kelley,* 510 F.2d 1232, 1238 n. 7 (D.C.Cir.1975) ("It is not clear ... that a movant under Rule 59(e) may seek to 'alter or amend' a judgment simply because it is erroneous." (citation omitted)), the Court has found no local authority determining clearly the bounds of such a motion. However, the weight of authority elsewhere supports the view that Rule 59(e) motions which seek simply "to relitigate old issues" heard at the underlying trial or motion are without merit. *Fontenot v. Mesa Petroleum Co.,* 791 F.2d 1207, 1219 (5th Cir.1986); *see also Youmans v. Simon,* 791 F.2d 341, 349 (5th Cir.1986) (Rule 59(e) motion that merely restated the arguments raised in movants' motion for a new trial was answered already by the court's decision of the underlying merits of the case). *Accord MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 505 (9th Cir.1986) (affirming district court's imposition of Rule 11 sanctions upon finding a Rule 59(e) motion "frivolous because it introduced nothing new"); *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985) (Rule 59(e) motion denied properly where movant "presented no arguments that had not already been raised in opposition to summary judgment"); *Agola v. Hagner,* 678 F.Supp. 988, 991 (E.D.N.Y. 1987) ("A motion under Rule 59 is not intended merely to relitigate old matters already considered or give a disappointed litigant another chance." (citation omitted)); *All Hawaii Tours, Corp. v. Polynesian Cultural Center,* 116 F.R.D. 645,

648–50 (D.Haw.1987) (district court imposing Rule 11 sanctions upon finding a Rule 59(e) motion frivolous for, *inter alia*, reiterating arguments heard already on the underlying motion for summary judgment); *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 617 (D.Haw.1987) ("a motion for reconsideration that presents no arguments that have not already been raised in opposition to summary judgment should be denied" (citing *Backlund* )); *Frito–Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390–91 (D.P.R.1981) (Rule 59(e) motion that merely reasserts legal arguments previously made on motion for summary judgment provides no basis for vacating the judgment); *Illinois Cent. Gulf R. Co. v. Tabor Grain Co.*, 488 F.Supp. 110, 122 (N.D.Ill.1980) (Rule 59(e) motion based on a "rehash of the arguments previously presented affords no basis for a revision" of the judgment); *Durkin v. Taylor*, 444 F.Supp. 879, 889–90 (E.D.Va.1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."); *Blair v. Delta Air Lines, Inc.*, 344 F.Supp. 367, 368 (S.D. Fla.1972) (Rule 59(e) motion inappropriate where movant seeks redetermination of the issues decided on the motion for summary judgment), *aff'd per curiam*, 477 F.2d 564 (5th Cir.1973); *Erickson Tool Co. v. Balas Collet Co.*, 277 F.Supp. 226 (N.D.Ohio 1967) (purpose of Rule 59(e) is not to grant relief where grounds for motion are substantially the same as those employed unsuccessfully in an earlier motion, and movant now seeks complete reversal of that prior judgment), *aff'd on other grounds*, 404 F.2d 35 (6th Cir.1968). *But see Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 (9th Cir.1984) (a Rule 59(e) motion for reconsideration is valid for purposes of tolling the time to appeal, "even if it raises no new grounds but 'simply rehashes arguments heard at trial' ..." (quoting *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1249 (9th Cir. 1982), *cert. denied*, 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983))).[1]

It is well-established that a proper Rule 59(e) motion may urge a court to reconsider or vacate a prior judgment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Appeal of Sun Pipe Line Co.*, 831 F.2d 22, 24–25 (1st Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988); *United States v. Eastern Air Lines, Inc.*, 792 F.2d 1560, 1562 (11th Cir.1986); *A.D. Weiss Lithograph Co. v. Illinois Adhesive Products Co.*, 705 F.2d 249, 250 (7th Cir.1983) (per curiam); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Sonnenblick–Goldman Corp. v. Nowalk*, 420 F.2d 858, 859 (3d Cir.1970); *American Train Dispatchers Association v. Norfolk and Western Railway Co.*, 627 F.Supp. 941, 949 (N.D.Ind.1985) (citing *Clipper Exxpress* ); *Parks v. "Mr. Ford"*, 68 F.R. D. 305, 308–09 (E.D.Pa.1975); *American Fam. L. Assur. Co. v. Planned Mktg. Assoc., Inc.*, 389 F.Supp. 1141, 1144 (E.D.Va. 1974). However, a crucial distinction must be made concerning the grounds upon which such motions may be based.[2]

■ Rule 59(e) motions are not vehicles for bringing before the court theories or arguments that were not advanced earlier. *Fontenot*, 791 F.2d at 1219; *All Hawaii Tours*, 116 F.R.D. at 650; *Smith v. Stoner*, 594 F.Supp. 1091, 1118 (N.D.Ind.1984); *Davis v. Lukhard*, 106 F.R.D. 317, 318 (E.D.Va.1984), *vacated as moot*, 788 F.2d 973 (4th Cir.), *cert. denied*, 479 U.S. 868,

---

**1.** It should be emphasized that both *Sierra* and *Clipper Exxpress* were concerned not with the merits of Rule 59(e) motions, but merely with when such a motion tolls the running of time to appeal. *See Sierra*, 739 F.2d at 1418–20; *Clipper Exxpress*, 690 F.2d at 1249 n. 11.

**2.** For example, in *Foman* the Supreme Court instructed the district court to honor the Rule 59(e) motion to vacate so that the plaintiff could amend her complaint. *Durkin*, 444 F.Supp. at 890. The same objective was sought in *American Family*, 389 F.Supp. at 1144. Other courts cited above held merely that 59(e) motions to vacate are effective in tolling the time to appeal, without consideration of the basis for the motion. *See, e.g., U.S. v. Eastern*, 792 F.2d at 1562; *Smith*, 600 F.2d at 62–63; *Sonnenblick–Goldman*, 420 F.2d at 859.

107 S.Ct. 231, 93 L.Ed.2d 157 (1986); *Johnson v. City of Richmond*, 102 F.R.D. 623, 623–24 (E.D.Va.1984). *But see Sun Pipe Line*, 831 F.2d at 25 (court has great discretion as to hearing new theories on a Rule 59(e) motion). Nor may the motion present evidence which was available but not offered at the original motion or trial. *Fontenot*, 791 F.2d at 1219; *Kohl by Kohl v. Woodhaven Learning Center*, 676 F.Supp. 945, 948 (W.D.Mo.1987); *Frito–Lay*, 92 F.R.D. at 391. *But see Sun Pipe Line*, 831 F.2d at 25 (court's discretion includes hearing new material on Rule 59(e) motion). Rather, the motion must rely on one of three major grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; and (3) the need to correct clear error [of law] or prevent manifest injustice." *All Hawaii Tours*, 116 F.R.D. at 649 (citations omitted). *Cf. Sun Pipe Line*, 831 F.2d at 24 (motion proper under Rule 59(e) where it claimed an erroneous legal result); *A.D. Weiss*, 705 F.2d at 250 (Rule 59(e) motion may ask court to correct errors of law); *Agola*, 678 F.Supp. at 991 (Rule 59(e) motion must do more than seek reconsideration of the cumulative evidence and theories already considered by the court; it must present "controlling law or facts" which "compel" a change); *American Train*, 627 F.Supp. at 949 (citing *A.D. Weiss*). *But see Durkin*, 444 F.Supp. at 890 (movant's contention that the court erred as a matter of law is a subject for appeal, not a Rule 59(e) motion (citing *Blair*, 344 F.Supp. at 368)).

▪ Guided by these limitations on the scope of Rule 59(e), the Court finds the thrust of defendant EPA's motion meritless. Defendant has cited no intervening change in controlling law. It has presented no evidence that was unavailable at summary judgment.[3] Thus, to even consider this a valid 59(e) motion, the Court must construe it to allege a clear error of law in the grant of partial summary judgment. To the extent that defendant alleges an error of law in the Court's finding of a nondiscretionary EPA duty to make formal determinations regarding certain benzene emission sources, the Court finds no error in its September 14th Opinion, much less "clear error." Just as EPA relied upon renewal of its prior arguments in urging this issue in the present motion, the Court relies upon the reasoning set forth in its previous opinion to answer this challenge. *See* September 14th Opinion at 13–20.

EPA also particularized its complaint concerning the scope of the Court's September 14th Order by noting that two items named in the order, "refinery waste disposal" and "other forms of benzene usage," are not identified as items for relief in NRDC's Amended Complaint. EPA Brief at 2 note 1.[4] EPA's observation is correct, and the Court incorporates this revision in its new order, limiting the relief granted to that sought in the amended complaint.[5]

▪ The Court declines EPA's invitation to exercise discretion in relaxing the schedule for execution of EPA's statutory duty. Because this request is rooted in arguments already heard and evidence presented too late to be heard, *see* n. 3 above, the Court finds neither a new basis for determining the matter, nor evidence of manifest injustice resulting from the timetable.

3. Defendant's failure to proffer at summary judgment the Declaration of Gerald Emison and Supplemental Declaration of Gerald Emison (Director of EPA's Office of Air Quality Planning and Standards), which were made part of this motion, is a strategic decision for which EPA bears responsibility. *See Frito–Lay*, 92 F.R.D. at 391.

4. EPA has not raised this issue in any previous pleadings, though NRDC had incorporated these items in its October 6, 1987 Supplemental Brief and November 6, 1987 Reply Brief on the summary judgment and dismissal motions. The likely cause for NRDC's inclusion of refinery waste disposal at that time was EPA's own prior identification of this item as a stationary source of benzene emissions. *See* 45 Fed.Reg. 83,450 (1980).

5. This revision affects the relief awarded these litigants in this action, but it does not diminish the scope of the Court's September 14th Opinion concerning EPA's duty; *i.e.,* EPA remains bound by congressional mandate to at least make a formal determination of the need to regulate all sources of benzene emissions.

Indeed, the Court hopes that defendants would not have the audacity to claim injustice in being ordered to achieve finally what Congress demanded of them more than a decade ago.[6]

Moreover, even taking account of EPA's full presentation on this issue, the Court is not persuaded that EPA's efforts reflect more the genuine, diligent promotion of the Clean Air Act's purposes than "the foot-dragging efforts of a delinquent agency." *Natural Resources Defense Council, Inc. v. Train,* 510 F.2d 692, 713 (D.C.Cir.1975). As a result, defendant's reliance on *Train* as authority supporting a discretionary delay in this case is unavailing. And Mr. Emison's two belated declarations prove not that compliance with section 7412(b)(1)(B) is "impossible," *Sierra Club v. Environmental Protection Agency,* 719 F.2d 436, 463 (D.C.Cir.1983), *cert. denied,* 468 U.S. 1204, 104 S.Ct. 3571, 82 L.Ed.2d 870 (1984), but "only that it is always easier to do something with more rather than less time."[7] *Sierra Club v. Ruckelshaus,* 602 F.Supp. 892, 899 (N.D.Cal.1984).

The final element of EPA's motion concerns the phrasing of the Court's September 14th Order. EPA contends that the order would eliminate the opportunity for a public comment period for proposed regulations by requiring "a final determination" on whether or not to regulate the named sources by March 13, 1989. EPA Brief at 8–9. NRDC concurs that the present word-ing of this part of the September 14th Order is ambiguous and needs clarification. NRDC Opposition at 17–18.

The Court acknowledges that the order, read literally and without the opinion it incorporates by reference, may be misunderstood. However, the September 14th Opinion clarifies that the term "final determination" refers to "either a proposal to regulate *or* a notice of intention that a source will not be regulated, as to each remaining source category of benzene emissions *within the timetable prescribed* [by section 112]." September 14th Opinion at 23 (emphasis added). Still, the Court will resolve all ambiguity in favor of the statute by vacating the September 14th Order and supplanting it with the order accompanying this memorandum.

The new order is also needed to effect a revision of the September 14th timetable which the Court undertakes of its own initiative. By its order of December 21, 1988, the Court tolled EPA's compliance with the September 14th Order during the pendency of this motion.[8] Today, the Court starts the section 112 clock ticking anew. EPA must respond, precisely and effectively, to the mandates of 42 U.S.C. § 7412(b)(1)(B) as if today were the day EPA designated benzene as a hazardous air pollutant, as set forth in the attached order.

### B. *Motion to Clarify or Amend*

Plaintiffs' motion to clarify or amend presents a simple matter concerning costs

---

**6.** If "[p]romulgation of regulations 16 months after a Congressional deadline is highly irresponsible," *Environmental Defense Fund v. Thomas,* 627 F.Supp. 566, 569 (D.D.C.1986), then a failure to even *propose* regulations more than 120 months after a congressional deadline must surely be unconscionable.

Perhaps defendants should commit their considerable political resources to persuading Congress to revise and lighten the EPA's statutory mandate, rather than committing their legal resources to expensive and prolonged efforts to convince courts that Congress' statutes carry absurd meanings alien to the announced purposes of the acts.

**7.** The Emison declarations are so internally inconsistent as to be of questionable value to defendants, even if considered by the Court. For example, Mr. Emison emphasizes how slight the *known* risk is from some sources

which EPA would prefer not to investigate, Declaration at ¶ 1, but later acknowledges how "very little" essential information EPA has concerning these sources at present. *Id.* at ¶ 28. He also notes that the statutorily mandated public comment component of the rulemaking process has in the past "typically" contributed "significant new information on emissions and controls" of chemicals like benzene, *id.* at ¶ 50, yet the thrust of his entire argument is that EPA now has enough knowledge of benzene risks to delay indefinitely action on some benzene sources. In fact, the delay he contemplates would be at *least* another 32 to 41 months. Declaration at ¶¶ 41–53. Such a proposal at this late hour is intolerable.

**8.** The Court notes that it obliged plaintiffs' request to suspend consideration of this motion during a period of apparently unsuccessful negotiations between the parties.

and attorney fees claimed by NRDC. Plaintiffs cite 42 U.S.C. § 7604(d) and Rule 215(a) of the Rules of the District Court for the District of Columbia for the proposition that the Court has discretion to award costs and attorney fees in this action, as well as the need to direct the parties to attempt settlement of the issue. They are quite correct. Had they raised the issue earlier, the Court gladly would have included these items in the September 14th Order. Defendants have raised no opposition to this motion, except to include in the proposed order filed with their own motion a provision that "each side shall bear its own costs and attorney's fees." The Court has included in the attached order provisions to advance resolution of these issues.

### III. *Conclusion*

For the reasons given above, the Court grants plaintiffs' motion to clarify or amend and grants defendant's motion to alter or amend only to the extent of clarifying the Court's September 14th Order and the sources which it affects nominally. In all other respects, defendant's motion is denied. An appropriate order is attached.

### ORDER

Upon consideration of plaintiffs Natural Resources Defense Council, Inc. and Environmental Defense Fund, Inc.'s ("NRDC") motion for [partial] summary judgment ("Plaintiffs' Motion for Partial Summary Judgment"); defendants United States Environmental Protection Agency ("EPA") and the EPA Administrator's motions to dismiss filed respectively on November 15, 1984, and December 21, 1984; plaintiffs' motion to clarify or amend the Court's Order of September 14, 1988; defendant EPA's motion to alter or amend that same order; papers filed by both parties supporting or opposing these motions; the entire record herein, and for the reasons stated in the Court's Opinion of September 14, 1988, and the memorandum accompanying this order, it is by the Court this 7th day of February 1989,

ORDERED that the Court's Order of September 14, 1988, is vacated; it is further

ORDERED that plaintiffs' motion for partial summary judgment is granted in part and denied in part; it is further

ORDERED that defendants' motion to dismiss filed on November 15, 1984, is granted; it is further

ORDERED that EPA's motion to alter or amend is granted to the extent incorporated below; it is further

ORDERED that EPA's motion to alter or amend is denied in all other respects; it is further

ORDERED that, on or before August 5, 1989, defendants shall publish in the *Federal Register*, pursuant to section 112 of the Clean Air Act, 42 U.S.C. § 7412, proposed regulations establishing standards for emissions of benzene from chemical manufacturing process units, including ethylene plants, chlorobenzene plants, nitrobenzene plants, linear alkyl benzene plants, cyclohexane plants, waste disposal from chemical manufacturing, and industrial solvent usage; bulk terminals, bulk plants, and service stations (including the filling of service station tanks by gasoline tank trucks but not including the refueling of motor vehicles at service stations), together with a notice of public hearing(s) on these proposed regulations, to be held within 30 days of such publication; it is further

ORDERED that, on or before February 1, 1990, defendants shall publish in the *Federal Register* an emission standard for each benzene source named above, unless defendant EPA Administrator finds, pursuant to section 112 of the Clean Air Act, that no emission standard is required for a particular source, which determination must be published in the same time and manner; it is further

ORDERED that NRDC's motion to clarify or amend is granted; it is further

ORDERED that, pursuant to Rule 215(a) of the Rules of the District Court for the District of Columbia, the parties shall confer within the next 45 days and make a genuine effort to reach agreement on fee issues in these cases, as implicated by 42 U.S.C. § 7604(d); it is further

ORDERED that the parties shall appear for a status conference before the Court at 10:00 a.m. on Tuesday, March 21, 1989, in Courtroom 7, at which the Court will review and determine fee issues in accordance with Local Rule 215(a); and it is further

ORDERED that these cases are dismissed, and jurisdiction is retained solely for resolution of the fee issues described above.