NATURAL RESOURCES DEFENSE
COUNCIL, INC., et al., Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,
Defendants.

AMERICAN PETROLEUM INSTITUTE,
et al., Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,
Defendants.

Civ. A. Nos. 83–2011, 83–2951.

United States District Court,
District of Columbia.

Feb. 16, 1989.

Angus Macbeth, Sidley & Austin, David D. Doniger, Natural Resources Defense Council, Inc., Washington, D.C., for plaintiffs.

Stephen L. Samuels, Land and Natural Resources Div., Dept. of Justice, Howard Hoffman, Office of Gen. Counsel, U.S. E.P.A., Washington, D.C., for defendants; Francis S. Blake, Gen. Counsel, Alan W. Eckert, Associate Gen. Counsel, U.S. E.P.A., of counsel.

Neil Jay King, Wilmer, Cutler & Pickering, Arthur F. Sampson, III, Kirkland & Ellis, John L. Wittenborn, Collier, Shannon, Rill & Scott, Washington, D.C., for intervenors.

## AMENDED ORDER

JUNE L. GREEN, District Judge.

Upon consideration of plaintiffs Natural Resources Defense Council, Inc. and Environmental Defense Fund, Inc.'s ("NRDC") motion for [partial] summary judgment ("Plaintiffs' Motion for Partial Summary Judgment"); defendants United States Environmental Protection Agency ("EPA") and the EPA Administrator's motions to dismiss filed respectively on November 15, 1984, and December 21, 1984; plaintiffs' motion to clarify or amend the Court's Order of September 14, 1988; defendant EPA's motion to alter or amend that same order; papers filed by both parties supporting or opposing these motions; the entire record herein, and for the reasons stated in the Court's Opinion of September 14, 1988, and the memorandum accompanying this order, it is by the Court this 16th day of February 1989,

ORDERED that the Court's Order of September 14, 1988, 695 F.Supp. 48, is vacated; it is further

ORDERED that the Court's Order of February 7, 1989, 705 F.Supp. 698, is vacated upon agreement of all parties; it is further

ORDERED that plaintiffs' motion for partial summary judgment is granted in part and denied in part; it is further

ORDERED that defendants' motion to dismiss filed on November 15, 1984, is granted; it is further

ORDERED that EPA's motion to alter or amend is granted to the extent incorporated below; it is further

ORDERED that EPA's motion to alter or amend is denied in all other respects; it is further

ORDERED that, on or before August 5, 1989, defendants shall publish in the *Federal Register*, pursuant to section 112 of the Clean Air Act, 42 U.S.C. § 7412, proposed determinations either to regulate (accompanied by proposed emissions standards) or not to regulate emissions of benzene from chemical manufacturing process units, including ethylene plants, chlorobenzene plants, nitrobenzene plants, linear alkyl benzene plants, cyclohexane plants, waste disposal from chemical manufacturing, and industrial solvent usage; bulk terminals, bulk plants, and service stations (including the filling of service station tanks by gasoline tank trucks but not including the refueling of motor vehicles at service stations), together with a notice of public hearing(s) on these proposed determinations, to be held within 30 days of such publication; it is further

ORDERED that, on or before February 1, 1990, defendants shall publish in the *Federal Register* final determinations with respect to the matters described in the preceding paragraph; it is further

ORDERED that NRDC's motion to clarify or amend is granted; it is further

ORDERED that, pursuant to Rule 215(a) of the Rules of the District Court for the District of Columbia, the parties shall confer within the next 45 days and make a genuine effort to reach agreement on fee issues in these cases, as implicated by 42 U.S.C. § 7604(d); it is further

ORDERED that the parties shall appear for a status conference before the Court at 10:00 a.m. on Tuesday, March 21, 1989, in Courtroom 7, at which the Court will review and determine fee issues in accordance with Local Rule 215(a); and it is further

ORDERED that these cases are dismissed, and jurisdiction is retained solely for resolution of the fee issues described above.