**In re HILLIS MOTORS, INC., Debtor.**

**Bank No. 84–00298.**

United States Bankruptcy Court,
D. Hawaii.

Oct. 9, 1990.

---

**12.** California Constitution, Article XV, § 1, added June 8, 1976, amended June 6, 1978 and

November 6, 1979.

Enver Painter, John McDermott, Honolulu, Hawaii, for movants.

H. William Burgess, Honolulu, Hawaii, for respondent.

MEMORANDUM DECISION AND ORDER RE: MOTION FOR RECONSIDERATION

JON J. CHINEN, Bankruptcy Judge.

On May 21, 1990, C.U. Cars, Inc. filed a Motion for Reconsideration of Memorandum Decision and Order Entered on May 10, 1990 Granting Gillespie and Ottersen's Post-Petition Interest and Attorney's Fees ("Motion for Reconsideration"). The Trustee filed a Joinder in Motion for Reconsideration on May 22, 1990, and Robert Gillespie, Jr., Larry Ottersen and Shirley Ottersen filed a Memorandum in Opposition to the Motion for Reconsideration on May 31, 1990. The Court, being advised in the premises, now renders this memorandum decision and order.

The law provides that "a motion under Rule 59 is not intended merely to relitigate old matters already considered or give a disappointed litigant another chance." *Agola v. Hagner,* 678 F.Supp. 988, 991 (E.D.N.Y.1987).

> Issues which could have been presented to the court for consideration previously, but which were not, are not the proper subject of Rule 59(e) relief; the issues are waived.

*Smith v. Stoner,* 594 F.Supp. 1091, 1118 (N.D.Ind.1984).

> Indeed, we have serious doubt whether in any event [the movant] would be entitled to "reconsideration" of the Court's grant of summary judgment to Frito-Lay based on evidentiary material which [the movant] could have presented, but may have chosen to withhold, on Frito-Lay's original motion. If there is any such material ... this Court is obligated to hold [the movant] to his own tactical judgment.

*Frito-Lay of Puerto Rico, Inc. v. Canas,* 92 F.R.D. 384, 391 (D.P.R.1981).

Thus, the law is clear, that C.U. Cars, Inc. cannot bring up any additional facts, unless they can show that they were unavailable at the time of the hearing on the original application. C.U. Cars, Inc. has failed to provide any basis for reconsideration of this Court's order. Accordingly, C.U. Cars, Inc. has not met the threshold burden of showing that the "newly discovered" evidence was unavailable at the time of the original hearing.

C.U. Cars, Inc. is prohibited from using a motion for "reconsideration" as a vehicle for raising new legal arguments.

As noted in *Durkin v. Taylor*, 444 F.Supp. 879, 889–90 (E.D.Va.1977):

> His brief in support of his motion is no more than an expression of a view of the law contrary to that set forth in the Court's opinion. Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
>
> *Since the plaintiff has brought up nothing new—except his displeasure—this court has no proper basis upon which to alter or amend the order previously entered.* (emphasis added).

Motions to alter or amend under Rule 59(e) "are not intended to be a vehicle for obtaining rehearing or relitigation of old matters." *Kohl v. Woodhaven Learning Center*, 676 F.Supp. 945, 948 (W.D.Mo. 1987).

Nothing contained in the Motion for Reconsideration and in the supporting pleadings can be considered newly discovered evidence. The simple rule is that motions to amend are not tolerated where their purpose is "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986).

█ C.U. Cars, Inc. argues that post-petition interest is allowable only on tax claims. The Court acknowledges that, virtually in all cases whose post-petition interest on administrative claims have been allowed, the claims have been tax-related. However, in this case, there was a confirmed Plan of Reorganization under which the Debtor was selling vehicles to the public. Debtor, unfortunately was not delivering the vehicles and/or the title to the vehicles. Consequently, the purchasers, such as Gillespie and Ottersen were forced to expend time and money in obtaining that which they should have been given in the first instance. The customers of the Debtor provided the funds that allowed the Debtor to remain in business. They have incurred attorney's fees and costs in this matter. It is only equitable that the Debtor pay for the use of these innocent purchaser's money. As noted in *In re Associated Air Service, Inc.*, 75 B.R. 47, 49 (Bkrtcy.S.D.Fla.1987), stated:

> The framers of the Bankruptcy code clearly intended that all expenses of administration of the estate be paid in full before any payment of creditors with lower priorities. This rule was formed in part to encourage parties to deal with the estate with the assurance that they would receive full satisfaction before payment of any pre-bankruptcy claim. But a *failure to include interest on administrative expenses would certainly conflict with that Congressional purpose, since delay of payment of any administrative expenses beyond the agreed-upon due date without reasonable interest inevitably under compensates the affected creditor. In effect, the creditor is forced to make an interest-free loan to the estate.* The value of that loan will inevitably inure to the benefit of creditors of lesser priority, contrary to the Congressional policy of full satisfaction of administrative expenses before any payment of lower priority claims. (Emphasis added).

As stated by the Court in *In re Thompson*, 67 B.R. 1, 2–3 (Bkrtcy.N.D.Ohio 1984) (post-petition taxes), interest on post-petition obligations may fairly be treated as an actual and necessary expense of preserving the debtor's estate:

> [T]o hold otherwise would be, in effect, to grant the debtors an interest free loan at the expense of the government. If the debtors choose to finance their reorganization effort with funds that would otherwise be used to pay their taxes, then interest on the taxes *may fairly be considered as an actual and necessary cost and expense of preserving the estate allowable as an administration expense* under section 503(b)(1)(A). Indeed, section 364 of the Bankruptcy Code specifically recognizes that the cost of unsecured credit is allowable as an administrative expense under section 503(b)(1). (Citation omitted, emphasis added).

In this case, the debtor chose to finance its post-petition operation with funds from the

innocent purchasers. In effect, these innocent purchasers were forced to make an involuntary loan to the debtor's estate. Finally, as stated in *Matter of Patch Press, Inc.,* 71 B.R. 345, 350 (Bkrtcy.W.D.Wis. 1987), where interest on post-petition obligations was accorded administrative status:

> Normal business practice is that one must pay her debts on time or be charged interest for the time she has had the use of money at the creditor's expense. If creditors are to be expected to take the risk of extending credit to chapter 11 debtors, they cannot be expected to accept a lower rate of return by being denied interest on overdue accounts.

In short, interest on post-petition obligations is an actual and necessary expense of administration which, if unpaid, would force parties dealing with a Chapter 11 debtor to make interest-free loans to the debtor's estate contrary to the Congressional policy of full satisfaction of administrative claims before payment of any lower priority of claims.

Based on the above,

IT IS HEREBY ORDERED that the Motion for Reconsideration filed herein on May 21, 1990 be and the same is denied in its entirety.