Cheryl FEELING, et al., Plaintiffs,

v.

Sharon Pratt KELLY, et al., Defendants.

Civ. A. No. 82–2994.

United States District Court,
District of Columbia.

June 17, 1994.

Lynn E. Cunningham, Neighborhood Legal Services, Robert Berlow, Washington, DC, for plaintiffs.

Jesse P. Goode, Sr. Atty., George C. Valentine, Chief General Litigation, Sec. 1, Washington, DC, for defendants.

## ORDER

JOHN H. PRATT, District Judge.

Before the Court is plaintiffs' motion pursuant to Rule 59(e) to alter, amend, and clarify[1] our order of February 25, 1994. After consideration of the entire record in this matter, we deny plaintiffs' motion.

■ Plaintiffs bring this motion pursuant to Federal Rule of Civil Procedure 59(e). In this Circuit, cases have consistently held that alteration or amendment under Rule 59(e) is appropriate in very limited circumstances. The movant must argue that one of the following three exceptions applies: an intervening change in controlling law; the availability of new evidence not previously available; the need to correct a clear error to avoid mani-

---

1. For clarification, dismissal with prejudice was necessary to remove the case from the Court's active docket and does not affect the Court's jurisdiction over the consent decree. Plaintiffs are incorrect in their assertion that cases with ongoing obligations remain on the Court's calendar indefinitely.

fest injustice. *See Natural Resources Defense Council v. U.S. E.P.A.,* 705 F.Supp. 698, 701–02 (D.D.C.1989), *vacated on other grounds,* 707 F.Supp. 3 (D.D.C.1989) (*citing Chastain v. Kelley,* 510 F.2d 1232, 1238 n. 7 (D.C.Cir.1975) as indicating that the D.C. Circuit narrowly construes the scope of Rule 59(e)); *see also Grumman Data Systems Corp. v. Stone,* 1991 WL 176202, *2 (D.D.C. 1991).

■ Only the third justification is applicable here. Plaintiffs argue that the Court incorrectly interpreted the Supreme Court's flexible approach to institutional reform as detailed in *Rufo v. Inmates of Suffolk County Jail,* —— U.S. ——, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). However, even assuming *arguendo* that the Court did misinterpret *Rufo,* plaintiffs' Rule 59(e) motion must fail. Plaintiffs ignore paragraph 11 of the 1986 consent judgment, the crux upon which our modification of the consent judgment was based.

> ORDERED that if any federal or District of Columbia statute or regulation enacted subsequent to this Consent Judgment conflicts with the terms of the Judgment, the language of such statute or regulation shall control, in which event the parties may move to modify the judgment.[2]

The emergency legislation passed by the District of Columbia unquestionably comes within this definition. This Court simply applied *Rufo* to the terms of the consent decree as negotiated by the attorneys representing each side. Had *Rufo* never been decided, we would have reached substantially the same result under paragraph 11. *See Feeling v. Kelly,* 152 F.R.D. 670, 675 n. 10 (D.D.C.1994).

In *Rufo,* the Supreme Court indicates that a change in law may constitute a significant change in circumstances. —— U.S. at ——, 112 S.Ct. at 762. Plaintiffs argue that an evidentiary hearing is required to determine whether the emergency legislation caused a significant change in circumstances. The provisions of paragraph 11, however, indicate that the parties believed changes in law changed the circumstances underlying the consent judgment. The Court can only conclude that such changes in law qualify *per se* as significant changes in circumstances. Therefore, an evidentiary hearing on whether the change in law was significant is not required.

■ Plaintiffs also dispute our *sua sponte* modification of the consent judgment. Plaintiffs attempt to apply the general standards for modification of consent decrees to a case where the parties specifically contemplated the type of changed circumstances upon which the modification was based. This is inappropriate because, as plaintiffs concede, "[t]his case does not fit neatly into any of the categories established in the caselaw." Plaintiffs' motion, p. 21.

■ Certain procedural safeguards that would normally apply to the modification of consent decrees would be redundant in the context of this case where the statutory change is identical to the contemplated modification and when such changes are anticipated by the parties. As noted in *U.S. v. Western Electric,* 894 F.2d 430, 436 (D.C.Cir. 1990), the parties can waive ordinary substantive and procedural standards for modification if they evidence this intent in the decree.

The terms of the 1986 consent judgment indicate that the parties intended such a waiver in this case. The parties determined through paragraph 11 that when a "District of Columbia statute or regulation … conflicts with the terms of the Judgment, the language of such statute or regulation shall control." Therefore, the Court's order modifying the consent judgment was appropriate.

---

**2.** In no other case known to the Court has there been such broad language linking the terms of the consent decree to statutory changes. Therefore, the cases cited by plaintiffs are inapposite. For example, in *Pharmaceutical Soc. of N.Y. v. Cuomo,* 856 F.2d 497, 502–03 (2nd Cir.1988), the state unilaterally changed its regulations to comply with amended federal rules without consulting with an advisory panel as required by a consent decree. The court halted implementation of the new regulations until the consulting requirements of the consent decree were met. *Pharmaceutical Soc.* differs from the case at bar because unlike the *Feeling* consent judgment, the *Pharmaceutical Soc.* decree did not contain a provision making statutory and regulatory changes controlling.

 

For the reasons stated herein, we conclude that plaintiffs have failed to meet the requirements for alteration or amendment under Rule 59(e). Accordingly, it is by the Court this 17th day of June, 1994, hereby

ORDERED that plaintiffs' motion for reconsideration is denied.