**Sherri A. TURNER, Plaintiff,**

v.

**Raymond M. KIGHT, et al., Defendants.**

**No. Civ.A. AW–01–1408.**

United States District Court, D. Maryland, Southern Division.

Sept. 2, 2002.

---

Ralph T. Byrd, Laytonsville, MD, for Plaintiff.

Frank William Mann, Office of the Attorney General, Baltimore, MD, for Defendants.

## *ORDER*

WILLIAMS, District Judge.

Pending before the Court is Plaintiff's Motion for Reconsideration [21–1]. The State and County Defendants have filed Oppositions, Plaintiff has filed a Reply, and the motion is ripe for review. The Court has reviewed the pleadings and applicable law. The Court held a telephone conference call on this matter today and has determined that no hearing is necessary. *See* D.Md.R. 105(6). For the reasons stated below, the Court will grant in part and deny in part Plaintiff's Motion for Reconsideration.

Plaintiff's claims arise out of allegedly illegal acts committed by Defendants during detention of Plaintiff at the Montgomery County Detention Center ("MCDC"). In its March 26, 2002 Memorandum Opinion and Order, the Court found that Defendants were entitled to summary judgment on the issues of whether Plaintiff was subjected to an unconstitutional strip search and denial of medical care. In addition, the Court held that Plaintiff had failed to state a claim as to Defendants Wallenstein and Montgomery County. In her Motion for Reconsideration, Plaintiff argues that the Court incorrectly assumed that the MCDC policy regarding searches was constitutional, and that the Court should not have determined, as a matter of law, that a serious medical need existed for Plaintiff. In addition, Plaintiff argues that liberal pleading standards dictate that her claims against Defendants Wallenstein and Montgomery County should not have been dismissed.

A motion for reconsideration should be granted under three limited circumstances: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Weyerhaeuser Corp. v. Koppers Co., Inc.,* 771 F.Supp. 1406, 1419 (D.Md.1991) (citing *Natural Res. Def. Council v. U.S.E.P.A.,* 705 F.Supp. 698, 702 (D.D.C.1989), *vacated on other grounds* 707 F.Supp. 3 (D.D.C.1989)). In this case, Plaintiff offers many arguments similar to those set forth in her earlier pleadings. With respect to the strip search, however, Plaintiff argues that her status as a "temporary detainee" exempted her from a strip search according to MCDC policy and that in any event, the MCDC policy is not necessarily constitutional. In its March 2002 Memorandum Opinion, the Court deduced, perhaps incorrectly, from the parties' pleadings that

Plaintiff was a "pretrial detainee" and analyzed the strip search as such. Given the unclear status of Plaintiff as temporary detainee or pretrial detainee, which in turn affects the appropriateness of the strip search, the Court feels that the most fair route is to grant Plaintiff's Motion for Reconsideration as to the strip search. After discovery, the Court expects that the constitutionality of Defendant Hicks's actions with regards to the alleged strip search will be clarified. On the other hand, the Court does not believe that Plaintiff has presented any new factual or legal arguments with regards to other aspects of her Motion for Reconsideration and will thus deny those parts of the motion.

Accordingly, IT IS this ____ day of August, 2002, in the United States District Court for the District of Maryland ORDERED THAT:

1. Plaintiff's Motion for Reconsideration [21–1] BE, and the same hereby IS, GRANTED IN PART as to the strip search identified in Count X of Plaintiff's Amended Complaint, and DENIED IN PART as to the remaining Counts;

2. The Clerk of the Court REOPEN this case; and

3. That the Clerk of the Court transmit copies of this Order to all counsel of record.