**WORLD AIRWAYS, INC., Appellant,**

v.

**NATIONAL MEDIATION BOARD et al., Appellee.**

**UNITED STATES of America, Appellant,**

v.

**WORLD AIRWAYS, INC., Appellee.**

Nos. 19465, 19552.

United States Court of Appeals
Ninth Circuit.

June 21, 1965.

John W. Douglas, Asst. Atty. Gen., Morton Hollander, John C. Eldridge, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellant and cross-appellee U. S. A.

Jerome C. Byrne, Jan Vetter, Gibson, Dunn & Crutcher, Los Angeles, Cal., for appellees and cross-appellants World Airways, Edward J. Daly and Peter T. Craven.

Before ORR, BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM.

These two appeals were argued together. They present substantially the same questions. In No. 19,552 World Airways, an air carrier subject to the jurisdiction of the National Mediation Board under the Railway Labor Act (45 U.S.C. § 151 et seq.) sought to enjoin the Board and its members (1) from determining the appropriate crafts or classes among certain of its employees for purposes of collective bargaining, without affording it an opportunity to be heard on the issue of appropriate craft or class, (2) from conducting an election among its employees in any craft or class in which the form of ballot does not permit an eligible employee to cast a ballot against representation. It also sought a declaration of rights and a mandatory injunction requiring that it be granted a hearing and that the Board use the form of ballot which it considered proper.

In No. 19,465 the United States, on behalf of the Board, sought an injunction under 45 U.S.C. § 152 which would require World Airways to give the Board access to its records in order to enable the Board to carry out its duties under

the Act. The record shows that the refusal by World Airways to give such access is based upon the same contentions as it raises in its complaint in No. 19,552. World Airways counterclaimed for the same relief that it requested in No. 19,-552, and on the same grounds.

In No. 19,552 the court denied World Airways' motion for a preliminary injunction and denied the Board's motion for an order dismissing the complaint or for summary judgment, without prejudice to either party to renew such motions at such time as three cases then pending in the United States Supreme Court were finally decided, or at such time as the Board might agree to use a form of ballot which would permit an eligible employee to cast a ballot against representation, whichever time might be sooner. World Airways appeals. In No. 19,465 the court entered a similar order denying the United States' application for an injunction and denying World Airways' motion for an injunction comparable to that requested by it in No. 19,552, on the same terms. Both parties appeal.

■■ These cases are controlled by the decision of the United States Supreme Court in the consolidated cases of Brotherhood of Railway and Steamship Clerks v. Association for the Benefit of Non-Contract Employees, United Air Lines, Inc. v. National Mediation Board, and National Mediation Board v. Association for the Benefit of Non-Contract Employees, 85 S.Ct. 1192, decided by the Supreme Court on April 28, 1965. In those cases the Court held that the carrier is not entitled to a hearing such as was demanded by World Airways in the present cases, and that the form of ballot used by the National Mediation Board is not subject to the attacks which are directed at it by World Airways. It follows that World Airways is not entitled to any relief in action No. 19,552. Moreover, since the only defenses asserted in the government's action in No. 19,465 are the same two contentions, it follows that World Airways has no valid defense to that action, and that the District Court should have issued the order requested by the government in that case. (Cf. Federal Communications Commission v. Shreiber, 85 S.Ct. 1459, decided by the Supreme Court on May 24, 1965.)

In No. 19,552 the order appealed from is reversed and the matter is remanded to the District Court with directions to dismiss the action. In No. 19,465 the order is reversed and the matter is remanded to the District Court with directions to dismiss the counterclaim of World Airways, Inc., and to issue an injunction as prayed for by the United States.