**KEY AIRLINES, INC., Plaintiff,**

v.

**NATIONAL MEDIATION BOARD, Defendant,**

**International Brotherhood of Teamsters, Airline Division, Intervenor–Defendant.**

**Civ. A. No. 89-3282 (HHG).**

United States District Court, District of Columbia.

Sept. 25, 1990.

Reconsideration Denied Oct. 5, 1990.

Michael L. Lowry, Ford & Harrison, Atlanta, Ga., Stephen W. Robinson, McGuire, Woods, Battle & Boothe, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., Theodore C. Hirt, Joseph V. Jest, Attys., Federal Programs Branch, U.S. Dept. of Justice, Washington, D.C. (Ronald M. Etters, Gen. Counsel, Nat. Mediation Bd., Washington, D.C., of counsel), for defendant National Mediation Bd.

Patrick J. Riley, Intern. Broth. of Teamsters, Washington, D.C., for intervenor-defendant Intern. Broth. of Teamsters, Airline Div.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Before the Court is the plaintiff's motion to amend its complaint or, in the alternative, for reconsideration of the Court's Order of July 31, 1990 dismissing the complaint. 743 F.Supp. 34. For the reasons stated below, the motion is denied.

### I

Key Airlines previously filed a complaint in this Court seeking a temporary restraining order to enjoin the National Mediation Board from requiring Key to send its employees a notice informing them that it had violated the Railway Labor Act.[1] Key argued that the notice violated the Railway Labor Act and the Due Process Clause. The National Mediation Board then amended the notice to reflect Key's disagreement

---

1. The Notice stated, in part: "after an investigation conducted by the National Mediation Board in which we had the opportunity to present statements and evidence the National Mediation Board found that the Carrier's conduct, taken as a whole, improperly interfered with the employees' choice of representative under Section 2, Ninth of the Act. It is unlawful for a carrier to interfere with the organization of its employees."

with the Board's conclusions,[2] and the Court denied the motion.[3] The notice was then sent to Key employees along with ballots for voting on whether the International Brotherhood of Teamsters (Teamsters) would be their collective bargaining representative. The Teamsters won the election.

On December 5, 1989, Key filed the instant action to overturn the election and union's certification arguing that the balloting procedure used by the National Mediation Board was inconsistent with the Railway Labor Act, 45 U.S.C. § 151 *et seq.* Key concedes that it made a tactical decision not to include a due process claim in that complaint based on its belief that such a claim was unlikely to succeed.[4] The parties filed cross motions for summary judgment, and on July 31, 1990, this Court entered summary judgment in favor of the National Labor Relations Board.

On July 20, 1990—more than a week before this Court rendered its decision—a

district court in Arizona granted a preliminary injunction in a case involving a notice by the Mediation Board that Key asserts is similar to the one here. The court found that the notice violated the Railway Labor Act and the Due Process Clause by implying that the Board conducted an adversarial investigation and that the carrier had engaged in unlawful conduct. *America West Airlines, Inc. v. National Mediation Board,* 743 F.Supp. 693, 699–700 (D.Ariz. 1990).

Based exclusively on this decision, Key moved on August 15, 1990 to amend its complaint to assert this theory or, in alternative, for reconsideration of the Order of July 31, 1990 dismissing plaintiff's initial complaint.[5]

## II

 In the first place, the motion to reconsider was not filed timely [6] and in any event, it is not proper since the initial com-

---

**2.** The amended noticed included a statement by Key Airlines to the effect that

By signing this notice Key does not admit that it improperly interfered with the employees' choice of representation under Section 2, 9th of the Act. Further Key does not agree that it has been given any true opportunity to rebut the allegations against it. For its most complete reservations, you should read Key's request for reconsideration and its response to the order to show cause.

**3.** The Court concluded that

[T]here is not the slightest basis for the issuance of a temporary restraining order on any theory.

Tr. of June 29, 1989 at 2. The Court rejected the due process claim saying

Finally, the whole fallacy of the plaintiff's argument is perhaps best exemplified by reliance on the Fifth Amendment which is about as far removed from anything that's happening in this case as the Second Amendment or the Thirteenth Amendment. It has nothing whatever to do with this case. It's absurd.

*Id.* at 3. The Court also found no merit to Key's claim that it was entitled to a hearing

It's quite apparent from all the law that has come down from the Supreme Court on for years and years—for decades—that in this kind of procedure the parties are not entitled to a hearing because it's not adjudicative but investigatory. So there is no violation in not having a hearing, under all the cases.

*Id.* at 2.

**4.** "[T]he Court had already expressed its strong views regarding a right of due process under these circumstances." Key Mem. for Reconsideration at 3.

**5.** The amended complaint alleges violations of both the Due Process Clause and the Railway Labor Act. The Labor Act claim is based on the *America West* decision as well as on arguments rejected by this Court's Order of July 31, 1990. *America West*'s holding regarding the Labor Act expressly rests on that court's rejection of the decision by the Court of Appeals for this Circuit in *International Association of Machinists v. Trans World Airlines,* 839 F.2d 809, 812 (D.C.Cir. 1988) that the Board does not have a statutory duty of neutrality. *Trans World Airlines* is, of course, binding on this Court; thus, no further discussion of the proposed statutory claim is necessary.

**6.** Under Rule 59(e), Fed.R.Civ.P., a motion to reconsider must be filed not later than 10 days after the issuance of entry of the judgment. Rule 6 provides that the day on which the order is issued and weekends are not included in the computation, but that the last day of the period shall be included. The order was entered July 31, 1990 and the motion was filed August 15, 1990. Fifteen days passed between the issuance of the order, excluding the day on which the order was issued. Since four of the days were weekends, the motion was filed on day eleven, a day late.

plaint did not include the instant claims.[7] While leave to amend should be freely granted, Rule 15(a), Fed.R.Civ.P., it is well within this Court's discretion to deny leave when (1) Key concedes that it made a tactical decision not to present the new claim at an earlier, more appropriate stage of this litigation;[8] (2) the motion to amend post-dates summary judgment in this case while the *America West* decision predates it, suggesting that the motion is an effort to evade summary judgment;[9] and (3) the claim is wholly without merit.[10]

■ The futility of Key's claim is demonstrated by its exclusive reliance on *America West*, a decision that comments favorably on the notice given to Key Airlines in the instant action.[11] After expressly contrasting the notice provided in American West with that provided to Key, the *America West* court made clear that Key's notice cured the defects in the American West notice. At 698–99. It is, therefore, frivolous to argue that *America West* establishes a basis for the instant claim.

*America West,* moreover, turns on that court's belief that the Board's notice implied that the Board had conducted an adversarial investigation when, in fact, it had not. The court concluded that the notice was, therefore, misleading. In the instant case, no such conclusion is possible. The Key notice explains that "Key does not agree that it has been given any true opportunity to rebut the allegations against it." It also discusses Key's disagreement with the Board's conclusion that the airline interfered with its employees' right to organize. Furthermore, there is not the slightest indication that Key "was found guilty of" committing a crime. *America West,* at 699–700.

■ More importantly, an overwhelming body of controlling authority makes clear that Key has no right to participate in Board proceedings of this sort. *See Brotherhood of Rwy and Steamship Clerks v. Association for the Benefit of Non–Contract Employees,* 380 U.S. 650, 666, 85 S.Ct. 1192, 1201, 14 L.Ed.2d 133 (1965) ("Clearly then, the Board cannot not be required to hold a hearing"); *Switchmen's Union v. National Mediation Board,* 320 U.S. 297, 304, 64 S.Ct. 95, 98–99, 88 L.Ed. 61 (1943) ("While the Mediation Board is given specified powers in the conduct of elections, there is no requirement of a hearing") (1943); *Professional Cabin Crew Association v. National Mediation Board,* 872 F.2d 456, 463 (D.C.Cir.1989) (Board required to undertake only "such investigation as the nature of the case requires";

7. *See Natural Resources Defense Council v. EPA,* 705 F.Supp. 698, 701–03 (D.D.C.1989), *vacated on other grounds,* 707 F.Supp. 3 (D.D.C.1989). "Rule 59(e) motions are not vehicles for bringing before the Court theories or arguments that were not advanced earlier." *Id.* at 701 (citations omitted).

8. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (court may deny leave to amend if motion based on delay, bad faith or dilatory motive). *See also Adams v. Gould, Inc.,* 739 F.2d 858 (3d Cir.1984) (no abuse of discretion for court to deny leave to amend in cases of bad faith or futility). Key made a decision not to include a due process claim in the initial complaint. Instead of bringing the *America West* decision to this Court's attention, Key waited until after resolution of the cross motions for summary judgment motions. Key provides no explanation whatever for the delay. These facts demonstrate bad faith.

9. *See Glesenkamp v. Nationwide Mutual Ins. Co.,* 71 F.R.D. 1, 4 (N.D.Cal.1974), *aff'd per curiam,* 540 F.2d 458 (9th Cir.1976) (plaintiff cannot

"circumvent the effects of summary judgment by amending the complaint every time a termination of the action threatens"); *Local 472 v. Georgia Power Co.,* 684 F.2d 721, 724–25 (11th Cir.1982) (no abuse of discretion to deny motion to amend that "appears to be nothing more than an effort to avoid an adverse summary judgment ruling").

10. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (when amendments would not serve any purpose, Court may deny leave to amend); *Gaubert v. Federal Home Loan Bank Bd,* 863 F.2d 59, 69 (D.C.Cir.1988) (same). *See also Williamsburg Wax Museum v. Historic Figures, Inc.,* 810 F.2d 243, 247 (D.C.Cir.1987) (leave to amend need not be granted where a party has had sufficient opportunity to state a claim and failed to do so).

11. Key asserts that the language in the America West notice is "virtually identical" to that in this case. Mem. at 7. The claim is demonstrably false as the *America West* decision makes clear.

"the investigation is not required to take any particular form").

In *Virginia Rwy. Co. v. System Federation No. 40*, 300 U.S. 515, 560–61, 57 S.Ct. 592, 605–06, 81 L.Ed. 789 (1937), the Court upheld a remedial ballot procedure that the Board had chosen after finding carrier interference in a prior election without questioning the Board's authority to find the existence of interference of influence. The Fifth Circuit similarly has rejected as "transparently frivolous" the contention that the Board must hold a hearing before making determinations. *United States v. Feaster*, 410 F.2d 1354, 1366 (5th Cir.1969). Likewise, in *World Airways v. National Mediation Board*, 347 F.2d 350 (9th Cir. 1965), the Court of Appeals for the Ninth Circuit held that the decision to afford a carrier a hearing is within the Board's sole discretion and is unreviewable by the courts. *Id.* at 351.

█ Even if Key were entitled to due process protection—and *America West* stands alone for that conclusion—the fact of the matter is that Key Airlines received an abundance of procedural protection. Key presented its objections to the Board in written statements and affidavits, and the notice sent to Key employees also set forth Key's disagreement with the Board's conclusions.

The short of it is that Key's motion to amend or for reconsideration suffers procedural, legal and factual flaws. The airline is not entitled to further "drag[ ] out of th[is] controversy into other tribunals of law." *Switchmen's Union*, 320 U.S. at 305, 64 S.Ct. at 99.

Accordingly, it is this 25th day of September 1990

ORDERED That the motion to amend or in the alternative to reconsider be and it is hereby denied.

## ON DENIAL OF RECONSIDERATION

On September 25, 1990, the Court issued a Memorandum and Order in the above-entitled case denying plaintiff's motion to amend or to reconsider. Three days later, on September 28, 1990, plaintiff filed a reply memorandum in accordance with a stipulation between the parties, approved by the Court, allowing plaintiff to file a reply on or before that date. The Court has accordingly reconsidered its September 25 decision in light of plaintiff's reply. Such further consideration does not cause the Court to alter its decision of September 25, 1990, and that decision is accordingly here reaffirmed.