**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **JAMES D. LAMMERS KURTZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 10-1270 (RWR)** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**MEMORANDUM ORDER**

An April 26, 2011 Memorandum Opinion and Order granted the motions to dismiss for lack of personal jurisdiction of all defendants except for the United States and the unnamed defendants. The plaintiff moves to reconsider.[1] The motion will

---

[1] The plaintiff's motion for reconsideration also states that "[a]lthough the court is absolutely correct the plaintiff did not plead proper jurisdiction in his original complaint; this can be remedied by the court authorizing the plaintiff to amend the complaint to comply with pleading requirements[.]" (Pl.'s Mot. for Reconsideration of Orders Granting Defs.' Mots. to Dismiss at 1.) The plaintiff's motion does not comply with Local Civil Rule 15.1, which requires motions to amend pleadings to "be accompanied by an original of the proposed pleading as amended."

Moreover, while a plaintiff seeking to amend his complaint ordinarily ought to be afforded the opportunity to proceed on the merits of his claim, Mead v. City First Bank of D.C., N.A., 256 F.R.D. 6, 7 (D.D.C. 2009), undue delay or prejudice to the opposing party may warrant denying leave to amend. Atchinson v. Dist. of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996). The plaintiff offers no explanation as to why he waited to request to amend his complaint until after the defendants' motions to dismiss were granted. Because the request appears to be merely an attempt to evade the effect of the Memorandum Opinion and

be decided under Federal Rule of Civil Procedure 54(b), which governs interlocutory orders, since the Memorandum Opinion was not a final judgment that terminated the litigation.  See Williams v. Savage, 569 F. Supp. 2d 99, 108 (D.D.C. 2008) (noting that the "standard of review for interlocutory decisions differs from the standards applied to final judgments").  A district court may revisit its interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities[,]" Fed. R. Civ. P. 54(b), as justice requires.  Am. Fed'n of Teachers, AFL-CIO v. Bullock, 605 F. Supp. 2d 251, 257 (D.D.C. 2009).

Relevant considerations include "'whether the court patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred[.]'"  Id. (quoting In Def. of Animals v. Nat'l Insts. of Health, 543 F. Supp. 2d 70, 75 (D.D.C. 2008)).  The moving party must demonstrate that "some harm would accompany a denial of the motion to reconsider[.]"  In

---

Order dismissing the plaintiff's claims against the moving defendants, the request will be denied.  See Brown v. FBI, 744 F. Supp. 2d 120, 123 (D.D.C. 2010) (denying leave to amend complaint where plaintiff filed motion to amend after entry of summary judgment for the defendant, and it appeared that the request to amend was merely "'an effort to evade summary judgment'" (quoting Key Airlines, Inc. v. Nat'l Mediation Bd., 745 F. Supp. 749, 752 (D.D.C. 1990))).

<u>Def. of Animals</u>, 543 F. Supp. 2d at 76.  Ultimately, a court has wide discretion in deciding a motion for reconsideration and can revise its earlier decision if such relief is necessary under the circumstances.  <u>Judicial Watch v. Dep't of Army</u>, 466 F. Supp. 2d 112, 123 (D.D.C. 2008).  Lammers has made no showing that he is entitled to reconsideration on the basis of any of the relevant considerations.  Accordingly, it is hereby

ORDERED that the plaintiff's motion [53] for reconsideration be, and hereby is, DENIED.

SIGNED this 20th day of June, 2011.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge