**ERICKSON TOOL COMPANY, Plaintiff-Appellant,**

v.

**BALAS COLLET COMPANY, Defendant-Appellee.**

No. 18217.

United States Court of Appeals Sixth Circuit.

Dec. 6, 1968.

John Kennedy Lynch, Cleveland Ohio, for appellant, Walter Maky, Cleveland, Ohio, on brief.

Frederick M. Bosworth, Cleveland, Ohio, for appellee, Paul S. Sessions, Frank Henry, Bosworth, Sessions, Herrstrom & Cain, Cleveland, Ohio, on brief.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

PHILLIPS, Circuit Judge.

Plaintiff-appellant (Erickson) is the owner of U. S. Patent No. 3,035,845, granted May 22, 1962, known as the Benjamin patent. This action was filed against defendant-appellee (Balas) for infringement of Claim 3 of this patent. Balas denied infringement and filed a counterclaim for declaratory judgment of invalidity and non-infringement. District Judge Girard E. Kalbfleisch held that Claim 3 of the Benjamin patent is invalid for obviousness and lack of novelty. We affirm.

The findings of fact and conclusions of law of the District Court are published at 277 F.Supp. 226.

The patent involves a device called a collet chuck, which is described as an instrument used to grip mechanically a tool or work piece. A common use is to hold drill bits and other such tools in drill presses and other machines. Erickson also was the owner of Benjamin collet chuck patent No. 2,465,837, which was issued March 29, 1949, and expired before this litigation commenced. This earlier collet chuck was known as the "Bulldog chuck."

Among other things, the District Court found as follows:

That Claim 3 of the patent in suit is the same as the "Bulldog chuck" covered by the prior expired patent with the single exception that a Torrington roller needle thrust bearing, which itself is a patented article, has been added to the nose of the instrument;

That all the elements and parts recited in Claim 3 of the patent in suit were old at the time of the alleged invention;

That collet chucks having a combination of a shank, a collet and a nose piece assembly were present in numerous prior art patents;

That the addition of the patented Torrington roller bearing to the previously patented device was nothing more than another use of the Torrington bearing with the natural, advertised and known consequences thereof which did not comprise a patentable combination; and

That the patented device is not novel and is obvious to one skilled in the art.

Mr. Benjamin, the inventor, admitted on cross examination that he was not the first to employ an anti-friction bearing in a nose piece assembly but claimed that he was the first to employ a roller bearing in such a device. He further admitted that the functions with both types of bearings were the same except for the difference between ball bearings and roller bearings and that this difference has been known for fifty years.

The District Judge found, and the record shows, that the Torrington roller thrust bearing used in the nose of Benjamin's collet chuck was not originally conceived or invented by him. These patented roller thrust bearings were available for purchase by anyone prior to the earliest date claimed for invention of the patent in suit. Mr. Benjamin purchased his first Torrington roller thrust bearing on the open market from Bearing's Inc. in Cleveland, Ohio. The District Court further found that Balas likewise purchased a Torrington roller thrust bearing on the open market and used it in designing and making the accused device. A further finding was that the Patent Office was not informed during prosecution of the application for the patent in suit that the antifriction bearing described in Claim 3 was not Mr. Benjamin's invention but was a patented Torrington bearing which already was well known and available to the public.

■ Upon examination of the record we conclude that the findings of fact of the District Court are not clearly erroneous, Rule 52(a), Fed.R.Civ.P., but to the contrary are supported by substantial evidence. On appeal in a patent case, as in other cases tried by the District Judge without a jury, this Court is required to accept the findings of fact of the District Court unless they are clearly erroneous. Toledo Scale Co. v. Westinghouse, 351 F.2d 173 (6th Cir.).

■ We agree with the District Court that Claim 3 of the patent in suit is invalid for lack of novelty and for obviousness. 35 U.S.C. § 102(a), (b) and (f) and § 103. See Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545; Monroe Auto Equipment Co. v. Heckethorn Manufacturing and Supply Co., 332 F.2d 406, 416 (6th Cir.). Having obtained and enjoyed a monopoly on its "Bulldog chuck" beginning with the issuance of that patent in 1949, neither Erickson nor Mr. Benjamin is entitled to obtain a renewed monopoly by the addition of a patented roller bearing to the "Bulldog chuck"—a combination of old elements lacking novelty and obvious to one skilled in the art.

Erickson relies upon the commercial success of its collet chuck with an improved grip due to the addition of the roller bearing. Commercial success without invention does not make patentability. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 153, 71 S.Ct. 127, 95 L.Ed. 162; B. F. Goodrich Co. v. Rubber Latex Products Inc., 400 F.2d 401 (6th Cir.).

Affirmed.