**The BENDIX CORPORATION (formerly the Sheffield Corporation by merger into the Bendix Corporation), Appellant,**

v.

**FREELAND GAUGE COMPANY, Appellee.**

**No. 18251.**

United States Court of Appeals
Sixth Circuit.

March 7, 1969.

John W. Logan, Jr., Philadelphia, Pa., for appellant, Whittemore, Hulbert & Belknap, Detroit, Mich., Charles H. Howson, Jr., Howson & Howson, Philadelphia, Pa., on the brief.

Bernard J. Cantor, and Daniel G. Cullen, Detroit, Mich., for appellee, Cullen, Sloman & Cantor, Detroit, Mich., Richard D. Grauer, Detroit, Mich., on the brief.

Before PHILLIPS, PECK and COMBS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal by appellant, the Bendix Corporation, from the judgment of the District Court in this patent infringement action, holding claims 9 to 13, inclusive, and 15 of the United States Patent 2,593,957 issued to Willis Fay Aller on April 22, 1952, to be invalid and unenforceable. Reference is made to the published opinion of District Judge Fred W. Kaess for a comprehensive statement of the facts. 271 F.Supp. 888 (E.D. Mich.)

We affirm.

The patent alleged to be infringed upon is the last of four related patents on air gauges issued to Aller and acquired by Bendix. Appellee did not market its accused product until the first three patents had expired. Thus the first

three patents and their devices were in the public domain before the alleged infringement began.

The patent in suit is referred to as a "measuring" device, to compare the sizes of manufactured workpieces with the size of an accurate pre-made "master" workpiece to determine whether the manufactured workpiece is the same size as, or larger than or smaller than the master. This is accomplished by air escaping through a spindle into the opening of the workpiece that is being measured.

Aller's first invention, No. 2,254,259, was a basic measuring device utilizing air pressure and admittedly was revolutionary. That patent expired in 1958.

The second Aller invention, No. 2,-370,219, incorporated an adjustable bypass valve into the original device. This allowed the range or amplification of the instrument to be adjusted, depending on the size of the workpiece to be measured. This patent expired in 1962.

The third Aller patent, No. 2,403,897, incorporated a bleed valve into the same basic instrument. This provided a zeroing or positioning adjustment which gave the instrument more versatility. This patent expired in 1963.

The patent in suit incorporated into the original device a combination of the bypass valve and the bleed valve features of the second and third patents. This combination resulted in greater flexibility and made adjustment easier. The accused devise made and sold by appellee admittedly incorporated these identical features.

The District Judge held that the incorporation of the features of the second and third patents in combination as supplements to the original device was obvious and that the patent in suit lacks invention under 35 U.S.C. § 103 and Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545. The District Court's opinion further held that the addition of the bypass valve and the bleed valve adjustments to the same basic air gauge was an attempt to extend or recapture the monopolies of the expired patents and therefore the patent is unenforceable and void.

■ We hold that the findings of fact of the District Court on both of these points are not clearly erroneous, Rule 52 (a), Fed.R.Civ.P., but, to the contrary, are supported by adequate evidence in the record. We agree with the District Judge on both of these holdings.

In Erickson Tool Co. v. Balas Collet Co., 404 F.2d 35 (6th Cir.), this Court held that the owner of an expired patent is not entitled to a renewed monopoly by the addition of a combination of old elements lacking novelty and which are obvious to one skilled in the art.

In Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162, the Supreme Court said:

"Courts should scrutinize combination patent claims with a care proportioned to the difficulty and improbability of finding invention in an assembly of old elements. The function of a patent is to add to the sum of useful knowledge. Patents cannot be sustained when, on the contrary, their effect is to subtract from former resources freely available to skilled artisans. A patent for a combination which only unites old elements with no change in their respective functions, such as is presented here, obviously withdraws what already is known into the field of its monopoly and diminishes the resources available to skillful men. This patentee has added nothing to the total stock of knowledge, but has merely brought together segments of prior art and claims them in congregation as a monopoly."

■ Bendix emphasizes the commercial success of the patent in suit. Commercial success without invention does not make patentability. B. F. Goodrich Co. v. Rubber Latex Products, Inc., 400 F.2d 401 (6th Cir.).

Affirmed.