## Georgette W. JOHNSON

v.

## The CITY OF RICHMOND.

### Civ. A. No. 84–0340–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 20, 1984.

---

Sa'ad El-Amin, El-Amin & Associates, Richmond, Va., for plaintiff.

Michael L. Sarahan, Asst. City Atty., Richmond, Va., for defendant.

OPINION

WARRINER, District Judge.

The Court has before it plaintiff's post-judgment motions which seek to obtain that which was denied in the judgment. Plaintiff's argument in support of the post-judgment motion points out certain advantages which will accrue to plaintiff if the judgment be vacated. She also argues that the precedent upon which the Court depended has been criticized by Professor Moore.

Without testing the soundness of these arguments, it is noteworthy that they were appropriate pre-judgment arguments. I do not conceive of Fed.R.Civ.P. 59(e) as serving the office of providing a disappointed suitor with a post-judgment opportunity to argue that which could have been argued pre-judgment. I have examined the writers (Professor Moore and Professors Wright and Miller) and they do not comment on this feature of Rule 59(e). Yet if it be held that 59(e) can be used to file a brief in opposition to the judge's opinion in rendering final judgment, the rule becomes a mischief-maker rather than a means for quickly correcting mistakes in the form or provisions of a judgment or even a mistake in the entry of the judgment itself where the mistake is caused by such things as a misapprehension on the part of the judge as to the issues raised, the stipulations made, the procedural posture, or other such matters which were not the issue adversarily presented to and decided by the judge.

Although *Above The Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D.Va.1983) dealt with an interlocutory motion, and thus was not covered by Rule 59(e), the reasoning of this Court, *id.* at 101, is I think also applicable here. There I said:

Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought through—rightly or wrongly.

The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversar-

ial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

I think this reasoning is applicable to a motion under Rule 59(e) though it certainly does not comprehend all the instances in which a motion under 59(e) may be appropriate. The reasoning excludes, however, the basis for the motion in this case, *i.e.*, grounds which could or should have been presented prior to the entry of the judgment on the very issue which was the subject of the judgment.

The Court was faced with a similar problem in *Durkin v. Taylor,* 444 F.Supp. 879, 889 (E.D.Va.1977). There I said:

Since the plaintiff has brought up nothing new ... this Court has no proper basis upon which to alter or amend the order previously entered. The judgment may indeed be based upon an erroneous view of the law, but, if so, the proper recourse is appeal—not reargument.

This Court considers that no appropriate Rule 59(e) motion has been filed. Support for this holding may be found in *Erickson Tool Company v. Balas Collet Company,* 277 F.Supp. 226, 234 (N.D. Ohio 1967), *aff'd,* 404 F.2d 35 (6th Cir. 1968) wherein it was held that pleadings such as that filed by the plaintiff in the case at bar do not fall within the ambit of Rule 59(e).

As noted in *Durkin, Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) may be thought of as authority to the contrary. I do not believe *Foman* can properly be so considered. The Supreme Court, in effect, reversed the district court for refusing to vacate a judgment in order to allow the plaintiff to file an amended complaint. The similarity between *Foman* and the instant case is readily apparent. The difference, however, and a difference which I believe is significant and controlling, is that in *Foman* the question of whether or not an amended complaint

should be filed was not the subject of the judgment. In the instant case the decisive question was the proper disposition of plaintiff's motion under Fed.R.Civ.P. 21 and 15. Whether I decided it under those rules correctly or not I do not know. Certainly I believe I did. But I do know that those rules were the subject of the decision.

I agree with the other courts which have dealt with the question, that a motion such as that filed by plaintiff in this case is not, properly speaking, a motion under Rule 59(e). Accordingly, rather than deny the motion, I think it proper to dismiss it.

An appropriate judgment shall issue.

And it is so ORDERED.