1495

Donna M. HICKMAN, Appellant v. Kenneth W. HICKMAN, Respondent.

(392 S.E. (2d) 481)

Court of Appeals

*William J. Clifford,* Charleston, *for appellant.*

*Hans F. Paul,* N. Charleston, *for respondent.*

Heard April 11, 1990.

Decided May 7, 1990.

GOOLSBY, Judge:

This appeal by Donna M. Hickman reaches us after a remand following an appeal by her husband, Kenneth W. Hickman, from a family court order. *See Hickman v. Hickman*, 294 S.C. 486, 366 S.E. (2d) 21 (Ct. App. 1988). The family court order equitably divided the marital property and granted other relief. The remand required the family court to make additional findings of fact on the issue of Mr. Hickman's being required to pay the college expenses of the parties' older son. The family court made those findings on remand and, apparently with the agreement of the parties, also made a further division of the personal property of the marriage. Mrs. Hickman later sought by a supplemental motion to alter or amend the judgment to have the family court apportion Mr. Hickman's civil service retirement fund. The family court denied the supplemental motion. We affirm.

The claim by Mrs. Hickman to an interest in Mr. Hickman's civil service retirement fund surfaced for the first time in her supplemental motion to alter or amend the judgment and, we note, after she changed counsel. *See* S.C.R. Civ. P. 59(e) ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order.").

The family court properly denied Mrs. Hickman's supplemental motion to alter or amend the judgment.

A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not. *See Natural Resources Defense Council v. U.S. E.P.A.*, 705 F. Supp. 698, 701 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989) ("Rule 59(e) motions are not vehicles for bringing before the court theories or arguments that were not advanced earlier."); *Smith v. Stoner*, 594 F. Supp. 1091, 1118 (N.D. Ind. 1984) ("Issues which could have been presented to the court for consideration previously, but which were not, are not the proper subject of Rule 59(e) relief; the issues are waived."); *Johnson v. City of Richmond*, 102 F.R.D. 623, 623 (E.D. Va. 1984) ("I do not conceive of Fed. R. Civ. P. 59(e) as serving the office of providing a disappointed suitor with a post-judgment

opportunity to argue that which could have been argued pre-judgment.").

We do not address Mrs. Hickman's contention regarding Rule 60(b). The motion to alter or amend the judgment, to which Mrs. Hickman's supplemental motion referred, was grounded on Rule 59(e) and not on Rule 60(b). Also, the family court never passed upon the contention. *See Stanley v. Reserve Insurance Co.*, 238 S.C. 533, 121 S.E. (2d) 10 (1961) (a contention not presented to and passed upon by the trial court cannot be considered on appeal); *cf. Talley v. S.C. Higher Education Tuition Grants Committee*, 289 S.C. 483, 347 S.E. (2d) 99 (1986) (an issue raised in but not ruled upon by the trial court and not presented to the trial court in a motion to amend the judgment is not preserved for appellate review).

Affirmed.

SHAW and BELL, JJ., concur.