Ruth **HABERERN**, Plaintiff,

v.

**KAUPP VASCULAR SURGEONS LTD. DEFINED BENEFIT PLAN AND TRUST AGREEMENT; Lehigh Valley Vascular Surgeons Ltd. Retirement Plan; Lehigh Valley Vascular Surgeons Ltd.; and Kenneth M. McDonald, Trustee, Defendants.**

Civ. A. No. 88–1853.

United States District Court, E.D. Pennsylvania.

Aug. 16, 1993.

**50**

Paul R. Fitzmaurice, Lawrence T. Fox, Drinker, Biddle & Reath, Philadelphia, PA, for plaintiff.

Susan Katz Hoffman, Richard S. Schlegel, Thomas J. Momjian, Pepper, Hamilton & Scheetz, Philadelphia, PA, Kevin T. Fogerty, Traub, Butz & Fogerty, P.C., Allentown, PA, for defendants.

## ORDER

HUYETT, District Judge.

Upon consideration of Defendants' motion for amendment of judgment pursuant to Fed. R.Civ.P. 52(b), relief from judgment pursuant to Fed.R.Civ.P. 60(b), for judgment as a matter of law, and for a new trial pursuant to Fed.R.Civ.P. 59(a) (Document No. 82), Plaintiff's response, and because:

1. Plaintiff Ruth Haberern from 1974 to 1985 worked full-time as a secretary-bookkeeper for a professional corporation formerly known as Kaupp Vascular Surgeons, Ltd., and later known as Lehigh Valley Vascular Surgeons., Ltd. Defendants are the professional corporation, its defined benefit and defined contribution pension plans, and the pension plans' trustee. Plaintiff commenced this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. §§ 1001–1461 (West 1985 & Supp.1993) to recover back salary and pension benefits that Defendants allegedly wrongfully withheld, as well as costs and attorney's fees. Following a nonjury trial, the Court made findings of fact and conclusions of law, provided a discussion of its reasons, and entered several judgments in favor of Plaintiff and against certain Defendants in the total amount of $614,165.99. *Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan & Trust Agreement,* 822 F.Supp. 247 (E.D.Pa.1993).

2. Defendants move this Court to amend the findings of fact, discussion, conclusions of law and order and to enter judgments accordingly, or in the alternative, to order a new trial. A court may amend its findings of fact or make additional findings and may amend the judgment accordingly upon motion of a party. Fed.R.Civ.P. 52(b). The primary purpose of Rule 52(b) is to

ensure that the trial court's findings of fact and legal reasoning are clear, cover the essential factual and legal points, and will be understood by the appellate court, not to allow a party a second opportunity to prove its case. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2582 (1971). "The purpose of motions to amend is to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence...." *Kravco Co. v. Valley Forge Center Assocs.*, Civ.A. No. 91-4932, 1992 WL 5893, at *2 (E.D.Pa. Jan. 8, 1992) (quoting *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986)). A Rule 52(b) motion to amend should not "be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Id.* A court will not amend its findings or judgment where a party essentially requests the court to completely rewrite its findings and reverse its judgment. *Erickson Tool Co. v. Balas Collet Co.*, 277 F.Supp. 226, 234 (N.D.Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

■ 3. The Court has examined Defendants' motion and supporting memorandum of law and compared these documents to Defendants' pre- and post-trial findings of fact and conclusions of law and supporting memoranda of law, and the arguments of counsel during trial. The comparison reveals that in their instant motion Defendants raise nearly all of the same issues and arguments that they raised previously.[1] Defendants essentially seek to relitigate all of the issues raised previously, and move the Court to rewrite its findings of fact, discussion, conclusions of law, and reverse its judgment accordingly. The Court considered with great care the pretrial proposed findings of fact and conclusions of law and memoranda of law, the evidence and arguments presented during the three-day trial, and the post-trial findings of fact and conclusions of law and memoranda of law of both sides. The Court issued clear and comprehensive findings of fact and conclusions of law. Defendants have

failed to show that there are manifest errors of law or fact that need to be corrected.

4. A court may grant a new trial in a nonjury action "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Fed.R.Civ.P. 59(a)(2). "A motion for a new trial in a nonjury case ... should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2804 (1973). The Court has already considered the issues and arguments raised by Defendants in their motion for a new trial and has ruled.

5. A court may relieve a party from a final judgment for several reasons. *See* Fed.R.Civ.P. 60(b). Among those reasons are mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b)(1). Defendants contend that this Court erred when it included paragraph 6 in its Order dated May 10, 1993. In the first five paragraphs of the Order, the Court entered judgment in favor of Plaintiff and against one or more Defendants for various sums. Paragraph 6 of the Order provides: "As set forth above, JUDGMENT IS ENTERED in favor of Plaintiff and against Defendants in the total amount of $614,165.99." Defendants believe that this paragraph directs that judgment be entered in that amount against all Defendants, and therefore conclude that the Order results in an incorrect duplication of damages. The Court did *not* intend that judgment be entered in amount of $614,165.99 against *all* Defendants jointly and severally. Rather, it intended for judgment to be entered in various amounts against certain Defendants "as set forth above" in paragraphs 1 to 5 of the Order. There is no need to delete paragraph 6.

6. Under Rule 60(b)(6) a court may relieve a party from judgment for "any other reason." A court should relieve a party from judgment under Rule 60(b)(6) "whenever such action is appropriate to accomplish justice," but only in "extraordinary circum-

---

1. Several times Defendants incorporate the arguments they made in the pre- and post-trial submissions into this motion and memorandum of law.

stances." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988). Defendants have failed to show any extraordinary circumstances that would justify relief under this rule.

7. One issue raised by Defendants merits a brief discussion. Defendants contend that the Court erred in making a determination on the attorneys fees issue. Defendants state that "it was stated that issue would be left to be determined at a later date, both from a factual and legal standpoint." Def. Mot. ¶ 3(kk). In oral argument following the close of the evidence, the Court permitted Plaintiff's counsel to address the merits of the issue whether Plaintiff was entitled to attorneys fees under 29 U.S.C.A. § 1132(g)(1) (West 1985). Transcript 11/25/92 at 72–75. When Defendants' counsel began to address the issue in his closing argument, however, the Court stated that it would consider counsel fees later, after it had determined the merits of the case. *Id.* at 101. Relying on those comments, Defendants did not address the issue of attorneys fees in their post-trial submissions. Nevertheless, the Court included a discussion of the issue of counsel fees on the merits in its findings of fact, discussion, and conclusions of law, *see* pp. 40–42, and concluded that Plaintiff, and not Defendants, were entitled to attorneys fees. Conclusion of Law No. 23. The Court relied on the trial record as well as the arguments of counsel in their respective pretrial memoranda of law. Defendants, however, contend that because of the comments of the Court to Defendants' counsel during closing argument, Defendants have not had a fair opportunity to argue the merits of the issue of which party is entitled to counsel fees. Accordingly, Defendants shall file and serve, within two weeks from the entry of this order by the Clerk, a memorandum of law that addresses the merits of the attorneys fees issue. Plaintiff shall file and serve a response within two weeks of service. The Court shall hold in abeyance the affidavits submitted by Plaintiff that set forth the amounts of attorneys fees and expenses Plaintiff seeks and Defendants' response until the Court considers the memoranda of law submitted by the parties.

Accordingly, Defendants' motion for amendment of judgment pursuant to Fed.R.Civ.P. 52(b), relief from judgment pursuant to Fed.R.Civ.P. 60(b), for judgment as a matter of law, and for a new trial pursuant to Fed.R.Civ.P. 59(a) is DENIED IN PART and DENIED WITHOUT PREJUDICE IN PART. The motion is DENIED with respect to the grounds asserted in paragraph 2 and paragraph 3(a) to (z), 3(aa) to (jj) and 3(ll) to (ss). The motion is DENIED WITHOUT PREJUDICE with respect to the ground asserted in paragraph 3(kk)—the issue of attorneys fees.

IT IS SO ORDERED.

## ORDER

Upon consideration of Defendants' supplemental motion for amendment of judgment pursuant to Fed.R.Civ.P. 52(b), relief from judgment pursuant to Fed.R.Civ.P. 60(b), for judgment as a matter of law, and for a new trial pursuant to Fed.R.Civ.P. 59(a) (Document No. 84), Plaintiff's response, and because:

1. Plaintiff Ruth Haberern from 1974 to 1985 worked full-time as a secretary-book-keeper for a professional corporation formerly known as Kaupp Vascular Surgeons, Ltd., and later known as Lehigh Valley Vascular Surgeons., Ltd. Defendants are the professional corporation, its defined benefit and defined contribution pension plans, and the pension plans' trustee. Plaintiff commenced this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. §§ 1001–1461 (West 1985 & Supp.1993) to recover back salary and pension benefits that Defendants allegedly wrongfully withheld, as well as costs and attorney's fees. Following a nonjury trial, the Court made findings of fact and conclusions of law, provided a discussion of its reasons, and entered several judgments in favor of Plaintiff and against certain Defendants in the total amount of $614,165.99. *Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan & Trust Agreement*, 822 F.Supp. 247 (E.D.Pa.1993).

2. Defendants move this Court to amend the findings of fact, discussion, conclusions of law and order and to enter judgments ac-

cordingly, or in the alternative, to order a new trial. Defendants assert three additional grounds in this supplemental motion.

■ 3. First, Defendants argue that because the Court found as a fact that the Internal Revenue Service approved the amendment to the Defined Benefit Plan that eliminated the life insurance policy benefit, the plan amendment was lawful and hence cannot as a matter of law serve as a basis for a discrimination claim under section 510 of ERISA, 29 U.S.C.A. § 1140 (West 1985). Simply because the Court found that the IRS approved the amendment does prevent the Court from concluding that the amendment violated ERISA. The IRS letter related only to the status of the plan under the Internal Revenue Code. It was not a determination regarding the effect of other federal or local statutes. Def. Ex. 3. Defendants' first ground for relief lacks merit.

3. Second, Defendants contend that Plaintiff's claims in this action are based upon the theory of breach of fiduciary duty and that an individual who brings a breach of fiduciary claim is limited to seeking relief or recovery in favor of the benefit plan. Defendants raised this argument in their motion for summary judgment and the Court explained that Plaintiff properly brought her claims pursuant to 29 U.S.C.A. § 1132(a)(1)(B) (West 1985). *See* Memorandum and Order dated June 26, 1989, 1989 WL 71474. Defendants raised this argument again in their original trial memorandum and once again raise it in this motion. Once again, the Court rejects it.

4. Finally, Defendants claim that several of its actions, which this Court found in violation of ERISA, were valid management decisions, as opposed to pension plan administration decisions, that might have some ancillary effect upon pension benefits, but which do not trigger claims under ERISA. Defendants assert that the decision to amend the defined benefit plan to eliminate the life insurance policy falls into this category. The Court rejects Defendants' claim for the reasons stated in the findings of fact, discussion, and conclusions of law. Defendants also contend that the decision to change Plaintiff's compensation arrangement by eliminating

the receivables percentage was a management decision. *Nazay v. Miller*, 949 F.2d 1323 (3d Cir.1991). For the reasons stated in the findings of fact, discussion, and conclusions of law, Defendant's decision violated the terms of the defined benefit plan and therefore violated ERISA.

Accordingly, Defendants' supplemental motion is DENIED in its entirety.

IT IS SO ORDERED.