THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Joyce G.
 Campagna and Donald C. Campagna, Appellants,
 
 
 

v.

 
 
 
 George F.
 Flowers, Respondent.
 
 
 

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-132
Heard January 8, 2008  Filed February 27,
 2008
AFFIRMED

 
 
 
 Desa Ballard and Christopher Smith, Jr., both of West Columbia and
  Reese I. Joye, of N. Charleston, for Appellants.
 William O. Sweeny, III, and William R. Calhoun, both of Columbia,
 for Respondent.
 
 
 

PER CURIAM:  In
 this personal injury action arising from a car accident in downtown Charleston,
 Plaintiffs Joyce G. Campagna (Campagna) and Donald C. Campagna appeal the
 verdict for Defendant George Flowers and the denial of their motion for a new
 trial absolute, arguing the trial court improperly admitted DVD evidence
 recorded several years after the incident.  We affirm.
FACTS
On September 19, 2001, after leaving work
 at 5:00 p.m., Campagna drove down Bee Street to the Lockwood Boulevard
 intersection, stopped at a red light, looked both ways, and then successfully
 made a right turn on red onto Lockwood Boulevard.  About the same time, Flowers
 was approaching the Lockwood Boulevard intersection from the opposite direction
 on an off-ramp from Highway 17.  He was stopped at the same red light across
 the same intersection and, when the light changed to the green arrow, turned
 left onto Lockwood Boulevard, thus preparing to travel in the same direction in
 which Campagna was proceeding.  After both Campagna and Flowers completed their
 turns, their vehicles collided.
On
 December 23, 2003, Campagna filed this action against Flowers for injuries she
 allegedly suffered from the accident.  Donald Campagna also sued for loss of
 consortium.  Flowers timely answered the Campagnas complaint, denying liability. 
 
The
 matter was tried before a jury from April 12 through April 14, 2006.  The
 primary factual dispute in the matter was whether the collision occurred in the
 curb lane or in the middle lane.[1] 
 Whereas Campagna contended Flowers improperly changed lanes and hit her vehicle
 while she was traveling in the curb lane, Flowers maintained Campagna
 improperly changed lanes and collided with his vehicle while he was driving in
 the middle lane.  
At
 trial, the Campagnas offered photographs taken a few days after the accident
 showing all directions of the accident scene.  To combat this testimony,
 Flowers offered a DVD of traffic moving in the intersection on October 26,
 2006.  The Campagnas objected to this evidence, arguing (1) the DVD documented
 the intersection more than four years after the accident; (2) the accident
 scene was substantially different from what it had been at the time of the
 accident; and (3) the DVD showed cars repeatedly making illegal turns similar
 to what Flowers alleged Campagna had made.  Over these objections, the trial
 court allowed the jury to view the DVD.  
The
 jury returned a verdict for Flowers.  Following the denial of their post-trial
 motions, the Campagnas filed this appeal.
STANDARD OF REVIEW
[T]he admission or
 exclusion of evidence in general is within the sound discretion of the trial
 court.  Fields v. Regl Med. Ctr. of Orangeburg, 363 S.C. 19, 25, 609
 S.E.2d 506, 509 (2005).  The trial court has wide discretion in determining
 the relevancy of evidence.  Wright v. Craft, 372 S.C. 1, 33, 640 S.E.2d
 486, 503 (Ct. App. 2006).  For an appellate court to reverse a case based on
 the erroneous admission or exclusion of evidence, the appealing party must show
 prejudice.  Hanahan v. Simpson, 326 S.C. 140, 155-56, 485 S.E.2d 903,
 911 (1997).  
Error
 may not be predicated upon a ruling which admits or excludes evidence unless a
 substantial right of the [complaining] party is affected.  Rule 103, SCRE. 
 For a substantial right to be affected, there must be a reasonable probability the jurys verdict was influenced by
 the challenged evidence or the lack thereof.  Fields, 363 S.C. at 26,
 609 S.E.2d at 509.  A reasonable probability is a probability sufficient to
 undermine confidence in the outcome of the trial.  Johnson v. State,
 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997).
LAW/ANALYSIS
1.  The Campagnas first argue
 the DVD was not relevant because it did not make any fact more or less
 probable.  We disagree.  
The
 DVD was admitted as demonstrative evidence and shown to the jury just before
 the defense called the police officer who had responded to the accident. 
 Before it was played, the trial court explained to the jury that the purpose of
 showing it was just so you can see and get a better feel and knowledge of the
 intersection from various angles.  The court further cautioned the jury that
 the DVD was not made on the day of the accident and the intersection had
 changed since that time, but also noted the roadway itself was still
 substantially the same.  The DVD had secondary relevance to the case and, when
 considered with the officers testimony, enabled the jury to understand the officers
 description of various roads in and around the intersection.  We therefore find
 no abuse of discretion in the trial courts decision to admit the DVD into
 evidence.  See Clark v. Cantrell, 339 S.C. 369, 383, 529 S.E.2d
 528, 535 (2000) (noting demonstrative evidence explains or summarizes other
 evidence and testimony, has secondary relevance to the issues at hand, and is
 not directly relevant, but must rely on other material testimony for relevance); Davis v. Traylor, 340 S.C. 150, 156-57, 530 S.E.2d 385, 388-89 (Ct. App.
 2000) (noting an abuse of discretion standard applies to a trial courts
 decision regarding both the exhibiting and admission of demonstrative
 evidence).  The changes in the intersection between the time of the accident
 and the recording of the DVD would at most have affected the weight of the
 evidence, not its admissibility.
2.  The Campagnas next argue
 that admission of the DVD was unduly prejudicial, noting it showed numerous
 vehicles making illegal turns similar to the turn that Flowers alleged Campagna
 had made.  The Campagnas contend the prejudice was exacerbated by the likelihood
 that the vehicles depicted in the DVD were attempting to avoid striking a
 curb-edged covered walkway that was admittedly not in place on the day of the
 accident.  We find no error.  The DVD also depicted a number of vehicles
 intruding or going into the far right lane while making the same left turn that
 Flowers made from Highway 17 onto Lockwood Boulevard.  We therefore cannot say
 the DVD favored either sides version of how the accident occurred.  
3.  We decline to address the
 Campagnas argument that the DVD was misleading because it did not contain a
 continuous representation of the intersection of traffic patterns or their
 allegation that, as evidenced by the constant changing of vantage points and
 sporadic time stamps, it was edited to characterize Campagnas conduct as
 illegal.  We have found no indication in either the record or the briefs that
 these concerns were raised at trial, and Campagnas attorney indicated during
 oral argument that they were first raised to the trial court during post-trial
 motions; therefore, they were not raised in a timely manner and were not
 preserved for appeal.  See Hickman v. Hickman, 301 S.C. 455, 456,
 392 S.E.2d 481, 482 (Ct. App. 1990) (A party cannot
 use Rule 59(e) to present to the court an issue the party could have raised prior
 to judgment but did not.).
CONCLUSION
We hold
 the Campagnas failed to show the trial court committed reversible error in
 admitting the DVD evidence submitted by Flowers and are therefore not entitled
 to a new trial absolute.
AFFIRMED.
HEARN, C.J., KITTREDGE and THOMAS, JJ., concur.

[1]  As the Campagnas attorney explained during opening
 argument, the part of Lockwood Boulevard that both Campagna and Flowers entered
 had three lanes.  Both Campagna and Flowers acknowledged the lane closest to
 the center line was a left-turn only lane.