**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Pamela Maner, Appellant,

v.

Marion Maner, IV, Respondent.

Appellate Case No. 2012-213710

---

Appeal From Lexington County
Deborah Neese, Family Court Judge

---

Unpublished Opinion No. 2014-UP-073
Submitted January 1, 2014 – Filed February 19, 2014

---

### AFFIRMED

---

Melvin Dean Bannister, of Columbia, for Appellant.

Jim J. Leventis, of Leventis & Ransom, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in finding the West Columbia house was Respondent's nonmarital property and was not transmuted during the marriage:

*Sanderson v. Sanderson*, 391 S.C. 249, 255, 705 S.E.2d 65, 67-68 (Ct. App. 2010) (stating to be preserved for appellate review, an argument must have been "(1) raised to and ruled upon by the [family] court, (2) raised by the appellant, (3) *raised in a timely manner*, and (4) *raised to the [family] court with sufficient specificity*" (emphasis added)); *Wolf v. Colonial Life & Acc. Ins. Co.*, 309 S.C. 100, 106, 420 S.E.2d 217, 220 (Ct. App. 1992) (stating an issue is unpreserved if the appellant raises it for the first time at the hearing on her motion for reconsideration); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) to present to the [family] court an issue the party could have raised prior to judgment but did not.").

2.  As to whether the family court erred in equitably dividing the Lexington house: S.C. Code Ann. § 20-3-620(B) (2014) (listing the factors the family court must consider in equitably apportioning a marital estate); *Fitzwater v. Fitzwater*, 396 S.C. 361, 369, 721 S.E.2d 7, 11 (Ct. App. 2011) ("The family court has wide discretion in determining how marital property is to be distributed."); *Wilburn v. Wilburn*, 403 S.C. 372, 390, 743 S.E.2d 734, 744 (2013) ("On appeal, [the appellate court] must review the fairness of the overall apportionment, and if equitable, [the appellate court] will uphold it regardless of whether [the appellate court] would have weighed specific factors differently.  In short, the family court's apportionment will not be overturned on appeal absent an abuse of discretion." (internal citation omitted)); *id*. at 389, 743 S.E.2d at 743 (noting the family court did not err by awarding the marital home to the husband while also ordering him to pay the wife a monetary sum reflecting her interest in the marital home).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.