**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Emily Sharpe, Lenton Sharpe, and Marion Wright,
Defendants,

Of whom Emily Sharpe is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2015-001386

———————————

Appeal From Charleston County
Jocelyn B. Cate, Family Court Judge

———————————

Unpublished Opinion No. 2016-UP-370
Submitted May 1, 2016 – Filed July 20, 2016

———————————

**AFFIRMED**

———————————

Mark L. Archer, of Archer Law Office, PA, of Mount
Pleasant, for Appellant.

Beverly Virginia Snelgrove, of North Charleston; and Regina T. Parvin, of South Carolina Department of Social Services, of Charleston, for Respondent.

Jessica Lynn Means, of Means Law Firm, LLC, of Charleston, for the Guardian ad Litem.

---

**PER CURIAM:** Emily Sharpe (Mother) appeals the family court's order finding she abused her minor daughter (Daughter) and placed Daughter at a substantial risk of physical abuse. On appeal, Mother argues (1) the family court erred in finding a preponderance of evidence showed Mother abused Daughter, (2) the State is collaterally estopped from claiming Mother was guilty of assaulting Daughter based on the family court's prior adjudication of Daughter as delinquent, and (3) allowing Daughter to testify that she was the victim of an attack by Mother violates the principal of judicial estoppel. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in finding a preponderance of evidence showed Mother abused Daughter: *Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011) (noting the *de novo* standard of review does not require this court to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony); *id.* at 385, 709 S.E.2d at 652 ("[D]e novo standard of review does not relieve an appellant from demonstrating error in the [family] court's findings of fact."); *id.* at 386, 709 S.E.2d at 652 ("[T]his court may reverse a finding of fact by the [family] court when [the] appellant satisfies this court that the preponderance of the evidence is against the finding of the [family] court."); S.C. Code Ann. § 63-7-1660(E) (2010) (providing the family court shall not remove a child from the custody of the parent without finding a preponderance of evidence shows the child is an abused or neglected child); S.C. Code Ann. § 63-7-20(4)(a) (2010) ("'Child abuse or neglect' or 'harm' occurs when the parent, guardian, or other person responsible for the child's welfare: (a) inflicts or allows to be inflicted upon the child physical or mental injury or engages in acts or omissions which present a substantial risk of physical or mental injury to the child . . .").

2.  As to Mother's remaining issues: *Payne v. Payne,* 382 S.C. 62, 70, 674 S.E.2d 515, 519 (Ct. App. 2009) ("To be preserved for appellate review, an issue must have been raised to and ruled upon by the [family court].  Issues not raised and ruled upon in the [family] court will not be considered on appeal."); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.