**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Raymond J. Malejko and Cristine Malejko, individually and in the interests of a minor child, Appellants,

v.

Todd Corley, Janet Loper, NextGen Real Estate, LLC, Thomas Humphries, Dr. Roofs, Inc., Ray Mooneyham, Mooneyham Solar & Electric, Professional Home Inspections, Inc., Corley Enterprises, Inc. of South Carolina, and DBR Franchising, LLC, Defendants,

Of whom Janet Loper and NextGen Real Estate, LLC are Respondents.

Appellate Case No. 2017-001939

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-181
Submitted March 2, 2020 – Filed June 10, 2020

———————

**AFFIRMED**

———————

B. Allen Bullard, Jr., of Montgomery Willard, LLC, of Columbia, for Appellants.

David Allen Anderson and Michelle Parsons Kelley, both of Richardson Plowden & Robinson, of Columbia, for Respondents Janet Loper and NextGen Real Estate, LLC.

———————————

**PER CURIAM:**  Raymond J. and Cristine Malejko (the Malejkos) sued several parties relating to their purchase of a residential dwelling.  They appeal the circuit court's order granting summary judgment in favor of Janet Loper, a realtor serving as a dual agent in the transaction, and her agency, NextGen Real Estate, LLC, (collectively, Respondents) as to the Malejkos' claims against them.  We affirm.

The circuit court granted summary judgment on four bases: "(1) the [Malejkos'] claims against [Respondents] fail to state a cause of action as a matter of law; (2) the [Malejkos] have failed to make a showing sufficient to establish the requisite elements needed to prevail on any of the causes of action levied against [Respondents]; (3) . . . Cristine Malejko does not have the privity of contract needed to demonstrate breach of contract or breach of contract accompanied by a fraudulent act; and (4) . . . Raymond Malejko waived all claims versus [Respondents] with the Buyer Agency Contract, Designated Agency Contract, Dual Agency Contract [,] and the Contract for Sale that he signed [(the Contracts)]."  These are the precise bases on which Respondents filed for summary judgment and the four points were discussed in Respondents' memorandum in support of its motion.  The Malejkos filed a motion in opposition and supporting memorandum emphasizing Loper's conduct that allegedly supported their claims.  They also included as exhibits copies of the HUD-1 Statement and Deed with Cristine's signature.  In their motion for reconsideration, the Malejkos, for the first time, argued Cristine was a third-party beneficiary of the Contracts.  They also raised arguments as to why the waivers contained in the Contracts did not prohibit them from bringing their claims.  The circuit court did not consider the newly-raised arguments and denied the Malejkos' motion for reconsideration.  This appeal followed.

On appeal, the Malejkos claim the circuit court erred in granting summary judgment in favor of Respondents and maintain the circuit court applied the wrong standard in considering their motion for reconsideration.  We disagree.

First we address the Malejkos' claim regarding the motion for reconsideration as its disposition informs the remaining issues.  "A party cannot use Rule 59(e)[,SCRCP,] to present to the court an issue the party could have raised prior to judgment but did not."  *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481,

482 (Ct. App. 1990). "A party cannot use a motion to reconsider, alter or amend a judgment to present an issue that could have been raised prior to the judgment but was not." *Poch v. Bayshore Concrete Prods./S.C., Inc.*, 386 S.C. 13, 31, 686 S.E.2d 689, 699 (Ct. App. 2009), *aff'd as modified*, 405 S.C. 359, 747 S.E.2d 757 (2013). "Issues which could have been presented to the court for consideration previously, but which were not, are not the proper subject of Rule 59(e) relief; the issues are waived." *Hickman*, 301 S.C. at 456, 392 S.E.2d at 482 (quoting *Smith v. Stoner*, 594 F. Supp. 1091, 1118 (N.D. Ind. 1984). "I do not conceive of [the Federal Rule of Civil Procedure] 59(e) as serving the office of providing a disappointed suitor with a post-judgment opportunity to argue that which could have been argued pre-judgment." *Id.* at 456-57, 392 S.E.2d at 482 (quoting *Johnson v. City of Richmond*, 102 F.R.D. 623, 623 (E.D. Va.1984).

Cristine's lack of privity and the waiver of claims in the Contracts were issues clearly before the circuit court at the summary judgment stage. Therefore, the corollary third-party beneficiary argument and specific arguments against contractual waiver could have been raised to the circuit court prior to its ruling on the summary judgment motion. They were not. Therefore, the circuit court did not err in refusing to consider or rule on these arguments in denying the Malejkos' motion for reconsideration.

Furthermore and consequently, the third-party beneficiary argument and arguments against contractual waiver are not preserved for *this* court's consideration as they were never ruled upon by the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). In the absence of those arguments, we have no basis for reversing the circuit court's third basis for summary judgment—lack of privity—or its fourth basis—waiver. These two findings sufficiently support the summary judgment ruling as to Cristine's contractually-based claims and as to all of Raymond's claims.[1]

---

[1] As Respondents point out, the circuit court ruled Cristine lacked privity of contract, the waiver in the Contracts cannot be directly used to prohibit the continued viability of her noncontractual causes of action. *See Harleysville Grp. Ins. v. Heritage Cmtys., Inc.*, 420 S.C. 321, 356-57, 803 S.E.2d 288, 308 (2017) ("[A] party may not use the same argument as both a shield and a sword.").

Regarding Cristine's remaining noncontractual causes of action, she relies on the Contracts to establish a duty and/or relationship between herself and Respondents.[2] However, because the circuit court ruled Cristine lacked privity of contract and because her third-party beneficiary argument is unpreserved, she cannot rely on the Contracts to establish Respondents owed her a duty of care or that she could have reasonably relied on any of Respondents' representations.  Consequently, her remaining causes of action also fail.[3]

_____

[2] As to her negligence claim, Cristine does allege Loper undertook a duty of care as a volunteer, separate from any contractual duty, with regard to one affirmative action—an affirmative statement Loper made regarding the condition/age of the roof.

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) if his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking.

*Wright v. PRG Real Estate Mgmt., Inc.*, 426 S.C. 202, 213, 826 S.E.2d 285, 290-91 (2019) (quoting of the Restatement (Second) of Torts § 323 (1965)).  However, again, the voluntary duty argument was not raised to the circuit court until the Malejkos' motion for reconsideration and is not preserved for our consideration. *See Hotel & Motel Holdings, LLC v. BJC Enters., LLC*, 414 S.C. 635, 652 n.12, 780 S.E.2d 263, 272 n.12 (Ct. App. 2015) (finding appellants' argument the bank foreclosing on their property had intentionally sent a relevant letter to the wrong address was unpreserved because the appellants did not make this argument in their memorandum in opposition to summary judgement or at the motions hearing); *see also Holmes v. E. Cooper Cmty. Hosp., Inc.*, 408 S.C. 138, 162-63, 758 S.E.2d 483, 496 (2014) (finding the appellant did not preserve a free speech argument offered in opposition to a sanctions order because the argument was raised for the first time in appellant's motion for reconsideration).

[3] *See Moseley v. All Things Possible, Inc.*, 395 S.C. 492, 496 n.5, 719 S.E.2d 656, 658 n.5 (2011) ("In an action for fraud, a plaintiff must prove by clear and convincing evidence . . . the hearer's right to rely [on the representation at issue].");

Based on all of the foregoing, the circuit court's order granting summary judgment is

**AFFIRMED.**[4]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

*Ardis v. Cox*, 314 S.C. 512, 516, 431 S.E.2d 267, 269 (Ct. App. 1993) ("To establish constructive fraud, all elements of actual fraud except the element of intent must be established."); *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 222, 420 S.E.2d 868, 874 (Ct. App. 1992) ("[T]he plaintiff must allege and prove the following essential elements to establish liability for negligent misrepresentation . . . the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; [and]. . . the plaintiff justifiably relied on the representation."); *Moore v. Barony House Rest.,* 382 S.C. 35, 42, 674 S.E.2d 500, 504 (Ct. App. 2009) ("To prove a negligence claim, a plaintiff must demonstrate . . . a duty of care owed by the defendant . . . . "); *RFT Mgmt. Co. v. Tinsley & Adams L.L.P.*, 399 S.C. 322, 335-36, 732 S.E.2d 166, 173 (2012) ("To establish a claim for breach of fiduciary duty, [a claimant] must prove . . .the existence of a fiduciary duty . . .").

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.