**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cynthia Elaine Holmes, Appellant,

v.

James Kevin Holmes, Respondent.

Appellate Case No. 2020-000976

———————

Appeal From Charleston County
Jocelyn B. Cate, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-436
Submitted November 1, 2022 – Filed December 7, 2022

———————

**AFFIRMED**

———————

Cynthia Elaine Holmes, of Sullivan's Island, pro se.

James Kevin Holmes, of Charleston, pro se.

———————

**PER CURIAM:** Cynthia Elaine Holmes (Wife) appeals the family court's order dismissing case number 03-DR-10-3935 without prejudice. We affirm pursuant to Rule 220(b), SCACR.

1. The family court had jurisdiction to issue the order of dismissal. S.C. Code Ann. § 63-3-530(A)(2) (2010) (stating the family court has exclusive jurisdiction "to hear and determine actions for divorce a vinculo matrimonii, separate support

and maintenance, legal separation, and in other marital litigation between the parties").

2.  Wife's remaining issues are not preserved because she did not raise them to the family court at the hearing when the court declared case number 03-DR-10-3935 was ended and in fact, agreed the only relief she sought was the unsealing of records in a prior action.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) [of the South Carolina Rules of Civil Procedure] to present to the court an issue the party could have raised prior to judgment but did not."); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal.").

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.