**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Caressa Shawn Norris and Shayne Gray Duckworth,
Defendants,

Of whom Caressa Shawn Norris is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-000637

———————————

Appeal From Laurens County
Matthew P. Turner, Family Court Judge

———————————

Unpublished Opinion No. 2023-UP-189
Submitted April 25, 2023 – Filed May 15, 2023
Withdrawn, Substituted, and Refiled June 28, 2023

———————————

**AFFIRMED**

———————————

Clarence Rauch Wise, of Greenwood, for Appellant.

Andrew Troy Potter, of Anderson; Ashley P. Case, of Fountain Inn; and Rosemerry Felder-Commander, of

South Carolina Department of Social Services, of Laurens, all for Respondent.

Marcus Wesley Meetze, of Law Office of Marcus W. Meetze, of Simpsonville, for the Guardian ad Litem.

------

**PER CURIAM:** Caressa Norris (Mother) appeals a family court order terminating her parental rights to her minor child (Child). On appeal, Mother argues the family court erred in (1) considering a 2019 finding in the underlying abuse and neglect action and in finding (2) Mother failed to remedy the conditions that caused Child's removal; (3) Mother willfully failed to support Child; (4) Child was in foster care for fifteen of the previous twenty-two months; and (5) termination of parental rights (TPR) was in Child's best interest. We affirm.

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, it is not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011). The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interest. S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

Initially, we find Mother's argument regarding the 2019 finding that she physically neglected Child and placed him at a substantial risk of physical abuse is not preserved for appellate review because she did not object to the 2019 merits removal order at the TPR hearing, and she first raised this argument in a Rule 59(e), SCRCP, motion. *See Hickman v. Hickman*, 301 S.C. 455, 457, 392 S.E.2d 481, 482 (Ct. App. 1990) (holding an argument is not preserved for appellate review when it is presented to the court for the first time in a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP).

The family court did not err in finding Mother willfully failed to support Child. *See* § 63-7-2570(4) (providing a statutory ground for TPR is met when a "child has lived outside the home of either parent for a period of six months, and during that time the parent has wil[l]fully failed to support the child"); *id.* (explaining that "[f]ailure to support means that the parent has failed to make a material

contribution to the child's care").  Mother acknowledged she had not provided monetary support for Child, and although she asserted she had provided items of support throughout Child's time in foster care, the Department of Social Services (DSS) case worker presented uncontroverted testimony that Mother did not provide any items for Child's care from July 3, 2019, until February 18, 2020. Further, we find Mother's failure to support Child was willful.  *See id.* ("The court may consider all relevant circumstances in determining whether or not the parent has wil[l]fully failed to support the child, including . . . the ability of the parent to provide support.").  Mother testified that in 2019, when Child was removed from her care, she worked at an alcohol plant.  Because she was employed during the time period in which she provided no money or items of support for Child, we find she was able to provide at least *some* support and failed to do so.  Thus, we hold clear and convincing evidence supports at least one TPR ground.[1]

The family court properly found TPR was in Child's best interest.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013) ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."); S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict."). The DSS case worker and the guardian ad litem (GAL) testified Child was thriving in his pre-adoptive foster home, was meeting developmental milestones, and was bonded to his foster parents.  Additionally, the case worker observed Child and Mother did not show a parental bond at visitations.  The case worker and the GAL believed TPR was in Child's best interest.  Thus, we hold TPR is in his best interest.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] Because we find clear and convincing evidence showed Mother willfully failed to support Child, we decline to address the two remaining statutory grounds. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.