**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tina Ferrier, Respondent,

v.

Harborstone, LLC d/b/a Harborstone Apartments, Appellant.

Appellate Case No. 2025-000634

———————

Appeal From Charleston County
George M. McFaddin, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-063
Submitted January 2, 2026 – Filed February 11, 2026

———————

**AFFIRMED**

———————

Christopher William Nickels and Amanda Marie Gaston, both of Clawson & Staubes, LLC, of Charleston, for Appellant.

D. Scott Drescher, of Bostic Law Group, P.A., of Charleston, for Respondent.

———————

**PER CURIAM:** Harborstone, LLC d/b/a Harborstone Apartments (Harborstone) appeals the circuit court's order denying its motion to dismiss or, in the alternative, compel arbitration, and its motion to reconsider. On appeal, Harborstone argues

the circuit court erred in denying its motion because it attached the signed lease agreement (Lease Agreement) to its motion to reconsider, which cured the prior evidentiary deficiency.  We affirm pursuant to Rule 220(b), SCACR.

We hold that whether the circuit court abused its discretion when it failed to compel arbitration in light of a lease agreement that requires arbitration is not preserved for appellate review because Harborstone presented the Lease Agreement for the first time with its motion to reconsider.  *See* State v. Parker, 381 S.C. 68, 95, 671 S.E.2d 619, 633 (Ct. App. 2008) (indicating the decision to grant or deny a Rule 59(e) motion is reviewed under an abuse of discretion standard)*; Spreeuw v. Barker*, 385 S.C. 45, 65, 682 S.E.2d 843, 853 (Ct. App. 2009) ("An abuse of discretion occurs when the court's decision is controlled by some error of law or where the order, based upon the findings of fact, is without evidentiary support."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 22, 602 S.E.2d 772, 779 (2004) ("Rule 59(e) in the South Carolina and federal rules of civil procedure is practically identical."); *id.* at 22-23, 602 S.E.2d at 779 ("[T]he United States Supreme Court explicitly has described a motion under federal Rule 59(e) as one which 'involves *reconsideration* of matters properly encompassed in a decision on the merits.'" (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989))); *id.* at 23, 602 S.E.2d at 779-80 ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [circuit] court."); *Spreeuw*, 385 S.C. at 68-69, 682 S.E.2d at 855 (finding the defendant's form about expenses appeared "only as an attachment to his Rule 59(e) motion" and could not be considered on appeal);  *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) ("A party cannot use Rule 59(e) to present to the court an issue the party could have raised prior to judgment but did not.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.